## ANN MARIE ROBINSON'S CASE.

Suffolk. September 13, 1993. - November 23, 1993.

Present: LIACOS, C.J., WILKINS, ABRAMS, LYNCH, & GREANEY, JJ.

*Workers' Compensation Act*, Appeal, Procedure, Judicial review, Injuries to which act applies, Emotional distress. *Words*, "Personal injuries."

Statute 1991, c. 398, § 107, amending G. L. c. 152, § 12 (2), to eliminate from appellate consideration whether a decision of a reviewing board in the Department of Industrial Accidents was "[u]nsupported by substantial evidence," is procedural in character, and, accordingly, applicable to injuries occurring before its effective date. [455-457]

Statement of the standard of review applicable to appeals under G. L. c. 152, § 12 (2), from decisions of a reviewing board in the Department of Industrial Accidents. [457-458]

On appeal by an insurer from a decision of a reviewing board affirming a report of an administrative judge awarding compensation under G. L. c. 152, § 34, to an employee who had sought recovery for an emotional disability, this court concluded that the administrative judge accurately applied the standard that an event or events occurring within the employment must be a "significant" contributing cause to an employee's disability, where the administrative judge found that the employee's emotional disability was principally caused by a series of events occurring within her employment" and that her "depression and resultant disability is directly and causally related to a series of stress related events which occurred at work"; that the evidence was sufficient to warrant the conclusion that specific and identifiable events occurring within the employment were a significant contributing cause of the employee's disability; and that there was no basis to set aside or to modify the administrative judge's findings. [458-460]

APPEAL from a decision of the Industrial Accident Reviewing Board.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*W. Frederick Uehlein* for the insurer.

*Roger J. Brunelle* for the employee.

LYNCH, J. Hartford Insurance Company (insurer) appeals from a decision of a reviewing board affirming a report of an administrative judge awarding compensation under G. L. c. 152, § 34 (1992 ed.), to Ann Marie Robinson (employee). We transferred the case from the Appeals Court on our own motion and affirm the decision of the reviewing board.

We briefly summarize the facts found by the administrative judge and adopted by the reviewing board. From 1976 until March 11, 1987, the employee was employed as an occupational health nurse at Data General Corporation (employer). Beginning in October, 1985, there was a general reduction in the employer's staff. As a result of the reductions, the employee assisted many coworkers in dealing with their personal and emotional problems arising from the loss of their jobs. The employee was overwhelmed by the increased demands placed on her and the constant exposure to the emotional problems of coworkers. As a result, she lost fifty pounds, became tense, and developed tension-related physical illnesses. The parties stipulated that the employee suffers from depression and anxiety. The administrative judge determined that the employee was totally disabled from performing gainful employment and found that the employee's emotional disability was "primarily caused by a series of events occurring within her employment," such as her steadily increasing job responsibilities, work load, and increasing demands from superiors.

I. *Standard of Review.*

The standard of review for appeals from decisions of a reviewing board is defined in the workers' compensation statute. General Laws c. 152, § 12 (2), as appearing in St. 1985, c. 572, § 26, provided: "Any appeal from a decision by a reviewing board shall be taken pursuant to section fourteen of chapter thirty A, except that such appeal shall be filed with the appeals court of the commonwealth." General Laws c. 30A, § 14 (1992 ed.), limits the instances where a court may set aside or modify an agency's decision. See *Lettich's Case,* 403 Mass. 389, 395 (1988). Section 12 (2) was amended by St. 1991, c. 398, § 32A, and now provides:

"Any appeal from a decision by a reviewing board shall
be taken pursuant to section fourteen of chapter thirty
A, except that such appeal shall be filed with the ap-
peals court of the commonwealth and provided further
that clause (e) of paragraph seven of section fourteen of
chapter thirty A shall not apply to such appeals."

General Laws c. 30A, § 14 (7) (e), provides that a court
may set aside or modify an agency's decision if it determines
the decision is "[u]nsupported by substantial evidence." Gen-
eral Laws c. 30A, § 1 (6) (1992 ed.), defines "[s]ubstantial
evidence" as "such evidence as a reasonable mind might ac-
cept as adequate to support a conclusion." Under the sub-
stantial evidence standard, courts were required to scrutinize
the whole record to determine whether the standard had
been met. *Boston Edison Co.* v. *Boston Redevelopment
Auth.*, 374 Mass. 37, 54 (1977).

We first decide whether the former or the present provi-
sion of § 12 (2) applies. General Laws c. 152, § 2A (1992
ed.), provides a mechanism to determine when an amend-
ment to G. L. c. 152 will apply retroactively or prospec-
tively. Section 2A provides:

"Every act, in amendment of this chapter, in effect on
the effective date of this section or thereafter becoming
effective which increases or decreases the amount or
amounts of compensation payable to an injured em-
ployee or his dependents including amounts deducted
for legal fees shall, for the purposes of this chapter, be
deemed to be substantive in character and shall apply
only to personal injuries occurring on and after the ef-
fective date of such act, unless otherwise expressly pro-
vided. Every act, in amendment of this chapter, in effect
on the effective date of this section or thereafter becom-
ing effective which is not deemed to be substantive in
character within the meaning of this section shall be
deemed to be procedural or remedial only, in character,
and shall have application to personal injuries irrespec-

tive of the date of their occurrence, unless otherwise expressly provided."[1]

Thus, all amendments not increasing or decreasing the amount of compensation are considered procedural or remedial and apply retroactively. Statute 1991, c. 398, § 107, provides that the amendment to § 12 (2), eliminating from appellate scrutiny consideration whether the decision is "[u]nsupported by substantial evidence," is procedural and thus applies retroactively.

We are constrained to set aside or modify the decision of the reviewing board only if the decision is:

"(a) In violation of constitutional provisions; or
"(b) In excess of the statutory authority or jurisdiction of the agency; or
"(c) Based on an error of law; or
"(d) Made upon unlawful procedure; or
"(f) Unwarranted by facts found by the court on the record as submitted or as amplified . . . in those instances where the court is constitutionally required to make independent findings of fact; or
"(g) Arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with law."

G. L. c. 30A, § 14 (7). We note, as other courts have, that these varying standards may overlap with the substantial evidence standard. As the employee correctly points out:

"Without some factual support for a decision, an agency decision would ordinarily be viewed arbitrary. If supported by substantial evidence, it is likely to be viewed by a court, reluctant to substitute its own judgment, as reasonable. Although we hesitate to say the test would yield the same results in all situations, what both standards require of an agency action is reasoned

---

[1]This provision was amended by St. 1991, c. 398, § 16. Pursuant to St. 1991, c. 398, § 107, this amendment is deemed to be procedural.

decision making within the particular statutory guidelines."

*Howe* v. *Health Facilities Appeals Bd.*, 20 Mass. App. Ct. 531, 537 n.6 (1985), and authorities cited.

II. *Substantive Issues.*

With this standard in mind we next turn to the substantive issue raised by the insurer; first, that the employee failed to meet her burden of proof under G. L. c. 152, § 1 (7A). General Laws c. 152, § 1 (7A), as amended through St. 1985, c. 572, § 11, and St. 1986, c. 662, § 2,[2] defines "[p]ersonal injuries" within the meaning of c. 152, and provides, in part:

> "Personal injuries shall include mental or emotional disabilities only where a significant contributing cause of such disability is an event or series of events occurring within the employment. No mental or emotional disability arising principally out of a bona fide, personnel action including a transfer, promotion, demotion, or termination except such action which is the intentional infliction of emotional harm shall be deemed to be a personal injury within the meaning of this chapter."

The insurer posits that the Legislature has signalled its desire that employees be put to a higher standard of proof in workers' compensation cases involving mental or emotional disability and that the employee has failed to meet that heightened standard. We do not agree.

Although the amendments to § 1 (7A) would mandate a different result than in *Kelly's Case*, 394 Mass. 684 (1985),

---

[2]Section 14 of St. 1991, c. 398, substituted the words "the predominant" for "a significant," and inserted a sentence providing: "If a compensable injury or disease combines with a preexisting condition, which resulted from an injury or disease not compensable under this chapter, to cause or prolong disability or a need for treatment, the resultant condition shall be compensable only to the extent such compensable injury or disease remains a major but not necessarily predominant cause of disability or need for treatment." Under St. 1991, c. 398, § 106, the amendment is substantive, thus it applies prospectively only.

that does not mean that all of the court's reasoning has been supplanted. In *Kelly's Case*, the court indicated that none of the earlier precedents, on which the insurer now relies, "sug-gest[s] that entitlement to workers' compensation for emo-tional disability requires proof of facts in addition to those required when the disability is only physical, and we discern no basis in G. L. c. 152 for such a requirement." *Id.* at 686. Additionally, the court rejected "any contention that [the employee] is not entitled to workers' compensation unless her emotional disability resulted from an unusual and objectively stressful or traumatic event." *Id.* at 687. The court noted that it was for the Legislature "to determine, as a matter of public policy, whether one of the costs of doing business in this Commonwealth shall be the compensation of those few employees who do suffer emotional disability as a result of being laid off or transferred." *Id.* at 689. The 1985 and 1986 amendments, apparently, were the Legislature's response to the court's suggestion.

General Laws c. 152, § 1 (7A), as amended, still provides that mental or emotional disability arising out of a bona fide personal action shall not, with an exception not here mate-rial, be compensable.[3] Furthermore, § 1 (7A), as then amended, provided that, to recover for mental or emotional disability, the employee must demonstrate that a significant contributing cause of the disability was an event or events occurring within the employment. The insurer interprets the amendments to § 1 (7A) as requiring the employee to prove by clear and objective evidence that she was subjected to spe-cific, identifiable, and significant events resulting in her mental disability. We do not read the statute in this manner.

What is now required is that the employee establish that a work-related event was a "significant" as opposed to a minor cause of the employee's emotional distress. Here, the admin-

---

[3]The administrative judge found that the events causing the employee's injuries did not arise out of a bona fide personnel action. This finding was within the scope of the judge's competence. She could have believed that the employee's emotional injuries arose from the stress of having to deal with the effect of bona fide personnel actions on other employees.

istrative judge accurately applied this standard by finding that the employee's "emotional disability was principally caused by a series of events occurring within her employment." Additionally, she found that the employee's "depression and resultant disability is directly and causally related to a series of stress related events which occurred at work." Although she did not use the word "significant," her conclusion is a proper application of the standard that an event of employment must be a significant contributing cause to an employee's disability.

Next, the insurer argues that, even if the administrative judge used the correct standard, the evidence was insufficient to prove that specific and identifiable events occurring within the employment were a significant contributing cause of her disability. To be compensable, an event must be "attributable to the 'nature, conditions, obligations or incidents of employment; in other words, [to] employment looked at in any of its aspects.' " *Zerofski's Case*, 385 Mass. 590, 592 (1982), quoting *Caswell's Case*, 305 Mass. 500, 502 (1940). The administrative judge found, based on the employee's testimony, "that the stress placed on her from her steadily increasing job responsibilities and her constant exposure to the emotional problems of her co-workers resulted in a breakdown of her ability to cope with the demands of her job." There is no basis for us to set aside or to modify these findings.

Furthermore, there is nothing in the statute to suggest that emotional disability is compensable only if it resulted from "an unusual and objectively stressful or traumatic event." *Kelly's Case, supra* at 687. The finding that the employee's disability was causally related to a series of events at work is sufficient as long as those events were significant factors in bringing about the employee's disability.

The decision of the reviewing board is affirmed.

*So ordered.*