PAUL W. TUNNICLIFF *vs.* DEPARTMENT OF EMPLOYMENT AND TRAINING. No. 92-P-1277. January 10, 1994. *Workers' Compensation Act*, Preference in hiring. *Statute*, Retroactive statute. *Employment*, Resignation.

Paul W. Tunnicliff was employed as a claims adjustor in the Cambridge office of the Department of Employment and Training (the department) for several years until October of 1985. Beginning in March of 1985, Tunnicliff was suspended on several occasions for poor attendance. Apparently during the summer of 1985 he had moved his residence from Melrose to Ware, requiring a long commute to his office in Cambridge. As of October 22, 1985, he was found to be eligible for workers' compensation benefits as a result of a work-related stress disorder, and he received benefits covering a period from that date until sometime in 1990, when he settled his workers' compensation claim for a lump sum. On October 26, 1985, while on a five-day suspension for poor attendance, he wrote a letter resigning from

his position but stating no reason. On September 2, 1989, he wrote to the department requesting a "preference in hiring" pursuant to G. L. c. 152, § 75A. The department's director of labor relations responded that Tunnicliff was not entitled to such a preference under the statute because he had resigned. In March of 1990, Tunnicliff renewed his request for a preference, asking that he be assigned to a position in an area near Ware, but the department again denied the request. In April of 1991, Tunnicliff brought this action against the department seeking a declaration that he was entitled to a preference in hiring under the statute. The parties filed cross motions for summary judgment based upon the above facts. The motion judge allowed the department's motion, and we affirm.

General Laws c. 152, § 75A, as inserted by St. 1985, § 58, provides: "Any person who has lost a job as a result of an injury compensable under this chapter shall be given preference in hiring by the employer for whom he worked at the time of compensable injury over any persons not at the time of application for reemployment employed by such employer; provided, however, that a suitable job is available." We assume, without deciding, that the statute, which took effect on January 1, 1986, would apply retroactively to claims arising out of Tunnicliff's work-related injury, which occurred on October 22, 1985. See G. L. c. 152, § 2A; *American Mut. Liab. Ins. Co.* v. *Commonwealth*, 379 Mass. 398 (1979); *Robinson's Case*, 416 Mass. 454, 456-457 (1993). Contrast *Price* v. *Railway Exp. Agency, Inc.*, 322 Mass. 476 (1948). We agree with the motion judge who ruled that, because Tunnicliff had submitted his resignation, he had not shown that he had "lost [his] job as a result of [his] injury." No reason for the resignation was given in the letter, and there was no affidavit before the motion judge from Tunnicliff or anyone else indicating that the letter reflected anything other than Tunnicliff's voluntary decision at the time to end his employment. One might speculate that the decision to resign resulted from the work-related stress disorder. On the other hand, it could just as well have resulted from the difficulties in the work situation reflected in the suspensions or the recent change in Tunnicliff's residence which necessitated a long commute.

*Judgment affirmed.*

*Doné Rosencrance* for the plaintiff.
*James S. Whitcomb*, Assistant Attorney General, for the defendant.