Izzo, J.
Plaintiff, Deanna Lesser (“Lesser”), brings this action, pursuant to G.L.c. 30A, §14, appealing a decision of the Board of Appeal of Motor Vehicle Liability Policies and Bonds (“Board”) which upheld the imposition by plaintiffs insurer, Safety Insurance Company (“Insurer”), of a merit rating surcharge on the plaintiff. The surcharge was imposed because plaintiff was found to be more than fifty percent at fault in the motor vehicle accident in question. G.L.c. 175, §§113B, 113P (1992 ed.).
BACKGROUND
The undisputed facts, as taken from the administrative record, are as follows. On September 11, 1992, at approximately 6:30 p.m., plaintiff was involved in a motor vehicle accident. The accident took place at a red light on McGrath Highway. While stopped at the light, plaintiff sneezed. As a result of an involuntary reaction, plaintiffs “foot moved onto the gas instead of [the] brake” and plaintiffs car “tapped” the car in front of her.
Plaintiffs insurance company determined, based upon the presumption found in 211 C.M.R. §74.04(3), that plaintiff, as the driver of a car “in [a] collision with the rear of another vehicle,” was more than 50% at fault in the accident. Plaintiffs insurer paid $1,190.00 to the owner of the car that was hit. As a result, a merit rating surcharge was imposed upon the plaintiff pursuant to G.L.c. 175 and 211 C.M.R. §127.
Plaintiff appealed the surcharge to the Board. A hearing was held on February 4, 1994. In its August 2, 1994, decision, the Board found that plaintiff “failed [to exercise] due care in the operation and control of [her] vehicle by failing to exercise sufficient control of her reaction to a sneeze as to result in her foot moving onto the gas, and her car moving several feet into the vehicle ahead of her on the McGrath Highway.”
DECISION
The party appealing an administrative decision bears the burden of demonstrating that the decision was invalid. Merisme v. Board of Appeals on Motor Vehicle Liability Policies and Bonds, 27 Mass.App.Ct. 470, 474 (1989); Faith Assembly of God of South Dennis & Hyannis, Inc. v. State Bldg. Code Commission, 11 Mass.App.Ct. 333, 334 (1981) (citing Almeida Bus Lines, Inc. v. Dept, of Public Utilities, 348 Mass. 331, 342 (1965)). In reviewing the agency’s decision, this Court must give due weight to the agency’s experience, technical competence, specialized knowledge, and the discretionary authority conferred upon it by statute. Flint v. Commissioner of Public We fare, 412 Mass. 416, 420 (1992); Seagram Distillers Co. v. Alcoholic Beverages Control Commission, 401 Mass. 713, 721 (1988). The Court may not “substitute its judgment on questions of fact for that of the agency.” Southern Worcester County Reg. Sch. Dist. v. Labor Rel. Comm’n, 386 Mass. 414, 420-21 (1982) (citations omitted).
Despite the limited scope of judicial review granted to the Court in this appeal, this Court may set aside the agency decision if it is unsupported by substantial evidence. Robinson’s Case, 416 Mass. 454, 456 (1993); G.L.c. 30A, §14(7)(e) (1992 ed.). Substantial evidence is “such evidence as a reasonable mind might accept as adequate to support a conclusion.” G.L.c. 30A, §1(6); Robinson's Case, 416 Mass, at 456. Under the substantial evidence standard, this Court is required to examine the entire record to determine whether the standard has been met. Robinson’s Case, 416 Mass, at 456; Boston Edison Co. v. Boston Redevelopment Auth., 374 Mass. 37, 54 (1977).
In the case at bar, the Board based its decision upon a presumption created in 211 C.M.R. §74.04(3). Under 211 C.M.R. §74.04(3), “[a]n operator of a vehicle subject to the Safe Driver Insurance Plan which is in collision with the rear of another vehicle shall be presumed to be a [sic] fault in excess of 50%.” This presumption is determinative “unless a showing to the contrary is demonstrated by the evidence presented at an initial review or hearing held in accordance with the rules of the Board.” (Emphasis added.) 211 C.M.R. §74.03.
The evidence indicates that Lesser was stopped at a red light when she sneezed. Her sneeze caused her foot to involuntarily “move[ ] onto the gas instead of the brake.” As a result, plaintiffs car hit the car in front of her which was also stopped at the light.[1] On this evidence, the Board found that plaintiff “failed to exercise due care in the operation and control of [her] vehicle by failing to exercise sufficient control of her reaction to a sneeze as to result in her foot moving onto the gas, and her car moving several feet into the vehicle ahead of her on the McGrath Highway.”
This Court finds that plaintiff made an adequate showing at the hearing before the Board to rebut the *188 presumption of fault found in 211 C.M.R. §74.04(3). Plaintiffs involuntary reaction to a sneeze which caused her foot to touch the accelerator and resulted in her car moving forward a few feet into the car in front of her is not evidence of a failure to exercise due care on the part of the plaintiff. Similarly, the fact that plaintiffs car hit a vehicle which was stationary is not evidence of fault on the part of the plaintiff. It is merely evidence of a lack of fault on the part of the driver of the other car. Simply stated, the evidence in the record does not support a finding of a lack of due care on the part of the plaintiff. Given the above, this Court finds, as a matter of law, that the Board’s decision affirming the surcharge was unsupported by substantial evidence.
ORDER
It is therefore ORDERED that the decision of the Board of Appeals on Motor Vehicle Liability Policies and Bonds is REVERSED.

 Plaintiff disputes the amount of damage her insurer claims the accident caused. According to the plaintiff, the car in front of her already had rear-end damage. She maintains that the owner of that vehicle “took advantage of this situation” by claiming that all of the damage was caused by the plaintiff and that her insurer failed to investigate her allegations before paying almost $ 1,200.00 to the owner of the other car.