ADON CASTILLO vs. CAVICCHIO GREENHOUSES, INC.,
& another.[1]

No. 05-P-1240.

Suffolk. March 1, 2006. - April 26, 2006.

Present: RAPOZA, KANTROWITZ, & GREEN, JJ.

*Workers' Compensation Act,* Proximate cause, Injuries to which act applies,
Impartial medical examiner.

This court concluded that an injured employee with a noncompensable pre-
existing condition failed to make the requisite showing under G. L. c. 152,
§ 1(7A), to collect workers' compensation benefits, where he did not
establish that the new injury he incurred was a major cause of his disability.
[220-221]

APPEAL from a decision of the Industrial Accident Reviewing
Board.

The case was heard in the Appeals Court by *Cowin,* J.

*Ronald W. Stoia* for the employee.

*Paul M. Moretti* for the insurer.

KANTROWITZ, J. In this case, we discuss what an injured
employee, with a noncompensable pre-existing condition, has to
demonstrate, under G. L. c. 152, § 1(7A),[2] to collect workers'
compensation benefits.

The employee appeals an adverse ruling, claiming that (1) the
medical evidence was uncontradicted that the accident was the
cause of his disability; and (2) an incorrect standard was used in
assessing the employee's pre-existing injury. We affirm.

---

[1] Florists' Mutual Insurance Company.

[2] Section 1(7A) of G. L. c. 152, inserted by St. 1991, c. 398, § 14, provides
in pertinent part: "If a compensable injury or disease combines with a pre-
existing condition, which resulted from an injury or disease not compensable
under this chapter, to cause or prolong disability or a need for treatment, the
resultant condition shall be compensable *only to the extent such compensable
injury or disease remains a major but not necessarily predominant cause of
disability* or need for treatment" (emphasis supplied).

On April 6, 2001, approximately two weeks after he started working as a laborer for employer Cavicchio Greenhouses, Inc., employee Adon Castillo slipped and fell backward, landing face up on a pallet with another pallet falling on top of him, injuring his back. Insurer Florists' Mutual Insurance Company paid temporary total incapacity compensation under G. L. c. 152, § 34, from April 7 to April 23, 2001.

Upon examination by an independent medical examiner (IME), Dr. Urbaniak, the employee was found to have a lumbosacral sprain and contusion and a pre-existing condition of degenerative disc disease with spinal stenosis. In his report, the IME opined that the employee exhibited a "permanent total disability." As to causation, the IME stated, in pertinent part:

> "Based on the history provided by the patient, it is my opinion that the lumbosacral sprain is causally related to the alleged injury at work of 04/06/01. It is my opinion that spinal stenosis predated the accident of 04/06/01, but could have been aggravated by the fall."

In a deposition, taken pursuant to G. L. c. 152, § 11A(2), the IME testified that "the major reason for [the employee's] existing complaints are his spinal stenosis and degenerative disc disease." He further testified that the employee was totally disabled "because of the industrial accident superimposed upon his degenerative disc disease" and that "the continued complaints were secondary to his degenerative condition of his back, which was aggravated by his fall at work." However, nowhere did he make a specific reference as to whether the employee's work-related injury was "a major cause" of his ongoing disability.

An administrative judge concluded that the IME's report was inadequate in that it did not supply an opinion sufficient to adjudicate the issue arising by the "elevated" standard of causal relationship under G. L. c. 152, § 1(7A), i.e., that the employee's fall at work was "a major" cause of his disability. The administrative judge, sua sponte, solicited additional medical evidence, which the employee provided by way of the office

notes of his two treating physicians.[3] Even with this added medical evidence, however, the judge concluded that the employee had not met his burden as to causation, i.e., that the injury of April 6, 2001, was "a major" cause of the employee's disability on or after April 28, 2001.[4] The reviewing board summarily affirmed.

On appeal, the single justice[5] rejected the employee's contention that the medical evidence satisfied the requirements as to causation under § 1(7A):

> "The employee's contention that the three physicians agreed that his disability was related to the industrial accident, and that the administrative judge was therefore bound by that uniform medical testimony, is not accurate. What the physicians agreed on was that the employee was disabled (either totally or partially) and that there was a causal relationship between the employee's disability and the injury of April 6, 2001. This is not sufficient with respect to the § 1(7A) issue. The employee had 'the burden of proving the essential facts necessary to establish a case warranting the payment of compensation.' *Viveiros's Case*, 53 Mass. App. Ct. 296, 299 (2001). Here, an essential fact in dispute is whether the industrial injury remained a major cause of disability or need for treatment. There was no medical testimony that would have supported a finding in favor of the employee on this issue." (Footnote omitted.)

We agree with this analysis. It was incumbent upon the employee to establish that the new injury was a major cause of

---

[3]The employee had a variety of options how to present this evidence, including deposing one or both of the doctors, having either or both write a current report, or securing the opinion of a third doctor.

[4]Dr. Bertini, who treated the employee from May 29, 2001, through January 15, 2002, retired and was replaced by Dr. Leitzes. The notes from Dr. Bertini did not address the question of causation with regard to the underlying condition and the newly sustained injury. Likewise, the office notes of Dr. Leitzes, while indicating that the "patient was totally disabled from April 4, 2001 to November 25, 2002 and partially disabled from November 26, 2002 to the present and continuing," only indicate that the "patient's injuries are, by way of history and clinical examination findings, causally related to the work-related accident of April 4, 2001 [sic], as previously described by the patient."

[5]As of July 1, 2005, appeals taken from decisions of the reviewing board go to a panel of this court.

his disability. Despite being given an opportunity to establish the nexus, there was a failure of proof.

The employee also asserts that the wrong standard was used because the board treated the previously unsymptomatic pre-existing condition as the major cause of the employee's disability. He maintains that a "but-for" analysis was proper and that if applied here, it was met in that the employee would not have been disabled but for the accident. While having some surface appeal, this argument fails for the simple reason that if the standard were as the employee suggests, it would render the statute meaningless, as a new disabling injury is always the cause of one's absence from work, notwithstanding a pre-existing injury. If a but-for test is used, the pre-existing injury is not factored into the equation at all, in contravention of the statute. Such a result runs counter to our established principles of statutory construction.[6]

As the administrative judge ruled, G. L. c. 152, § 1(7A), creates a "heightened" standard, requiring not only establishing a causal connection between injury and disability, but, in the case of a pre-existing condition, also a showing that the new injury is a major cause of the disability.[7] Here, that connection was never made, fatally so.[8]

*Judgment affirmed.*

---

[6] "[A] statute must be interpreted according to the intent of the Legislature ascertained from all its words construed by the ordinary and approved usage of the language, considered in connection with the cause of its enactment, the mischief or imperfection to be remedied and the main object to be accomplished, to the end that the purpose of its framers may be effectuated." *Scheffler's Case*, 419 Mass. 251, 255 (1994), quoting from *Board of Educ.* v. *Assessor of Worcester*, 368 Mass. 511, 513 (1975). "[T]he statutory language itself is the principal source of insight into the legislative purpose." *Scheffler's Case, supra*, quoting from *Hoffman* v. *Howmedica, Inc.*, 373 Mass. 32, 37 (1977).

[7] We have reviewed the employee's other arguments to that regard and find them without merit.

[8] As noted above, when the IME was asked during his deposition whether the degenerative back condition was "the major cause" of the employee's complaints, he replied, "the major reason for [the employee's] existing complaints are his spinal stenosis and degenerative disc disease." He apparently was never asked whether the injury suffered was "a" major cause of his disability or need for treatment. Had he been asked, and had he answered affirmatively, sufficient evidence would have existed for the administrative judge to have ruled in favor of the injured employee.