Robin W. May's Case.

No. 05-P-1517.

Suffolk. June 12, 2006. - August 24, 2006.

Present: Green, Dreben, & Grainger, JJ.

*Workers' Compensation Act,* Injuries to which act applies, Emotional distress. *Words,* "Predominant," "Primary."

This court concluded that a reviewing board of the Department of Industrial Accidents, in affirming the decision of an administrative judge denying benefits to an employee under G. L. c. 152, § 1(7A), for a mental or emotional injury, applied the incorrect standard in determining whether events at work were the predominant contributing cause of that disability [211-213], and that the administrative judge incorrectly applied an objective test in determining whether those events were stressful [213].

Appeal from a decision of the Industrial Accident Reviewing Board.

*William C. Harpin (Teresa Brooks Benoit* with him) for the employee.

*Patricia G. Noone* for the employer.

Dreben, J. This case involves the standard or definition of causation for purposes of receiving benefits for mental or emotional injuries under the workers' compensation act. The act provides that "[p]ersonal injuries shall include mental or emotional disabilities only where the predominant contributing cause of such disability is an event or series of events occurring within any employment." G. L. c. 152, § 1(7A), as amended through St. 1991, c. 398, § 14. In describing the employee's disabilities, the impartial medical examiner, Dr. Zamir Nestelbaum, stated in his report and on deposition that the work events at issue were "the major" or "the primary" cause of the employee's major depression and that it is "more probable than not that it was the work incidents that, essentially, caused this woman to

become disabled." The reviewing board of the Department of Industrial Accidents (board) ruled that the employee did not meet the statutory standard of § 1(7A) for emotional work injuries because " 'the predominant contributing cause' means the work cause(s) *must be greater than the sum of all non-work-related causes*" (emphasis original). The board affirmed the decision of the administrative judge denying benefits to the employee. We reverse.

The employee had worked as a correction officer at the Massachusetts Correctional Institution, Framingham, for fifteen years. She claimed that after two separate incidents, one in 1999 and one in 2000, when officers were disciplined as a result of her reports of rule violations to superiors, she was harassed, called a "rat" by her coworkers, and told to rely on the convicts, not staff, for her personal safety. By 2002, she no longer was able to withstand the verbal abuse and harassment. She stopped working on June 21, 2002. These facts, as told by the employee, were recounted by Dr. Nestelbaum in his report, and he accepted them. He also wrote in his report:

> "Regarding causality, although there were other factors that seemed to affect Ms. May during 1999 and 2000 such as her mother's diagnosis with Alzheimer's Disease, her being put into a nursing home and then her death as well as Ms. May's building a house, it seems the major factor for causing her major depressive episode was her hostile work environment . . . . Another factor which should be considered is Ms. May's apparent reliving of her father's experience at being hounded out of jobs for no fault of his own, just for being black despite his doing a good job like Ms. May. She feels that like her father she's been out of a job for doing her job well and like her father suspects that it's not her job performance but her race, gender, and sexual orientation may be factors. She believes that she was treated unfairly like her father."

In his deposition, on cross-examination, Dr. Nestelbaum, was asked:

"[I]s it more probable than not that it was the work incidents that, essentially, caused this woman to become disabled?"

He answered: "Yes, I think it — After I thought about these

different factors, I felt like the primary cause was the work incident."

In denying the employee benefits, the administrative judge ruled:

> "Even if the employee's testimony is accepted in full, as it was by the impartial physician, this would be a case where the employee would fall just short of the standard. While Dr. Nestelbaum suggests that hostile work environment is a major cause of the emotional disability, he also identifies at least three other factors adding to the level of stress. . . .

> "As outlined by the reviewing board in *Siano* v. *Specialty Bolt and Screw Co.,* 16 Mass. Workers' Comp. Rep. 237 (2002), while it is possible that there can be multiple 'major' causes of medical disability, there can be by definition but one 'predominant' cause. In this case, the hostile work environment, while identified as a major cause, seems to be one of several causes that also play a role in the emotional disability."

Although the board acknowledged that the administrative judge erroneously referred to the doctor's opinion as stating that the employee's work environment was "a major" rather than "the major" cause of her disability, it quoted the foregoing reasoning of the judge, stating that " '[m]ajor' does not necessarily mean 'predominant.' " It noted that "the doctor never characterized the work events as 'the predominant contributing cause' of the disability" and the "employee's counsel did not ask [him] whether the employment events were the predominant contributing cause of her client's emotional disability."

As indicated earlier, the board concluded that " 'the predominant contributing cause' means the work cause(s) *must be greater than the sum of all non-work-related causes*" (emphasis original). The board went on to say, citing *Siano's Case,* 16 Mass. Workers' Comp. Rep. 237, 240 (2002):

> "We therefore reject the employee's argument that medical testimony establishing the work incidents as 'the major' or 'the primary' satisfied, as a matter of law, the 'predominant contributing cause' standard for emotional injuries, where, as here, the employment was only one of several

> acknowledged contributing causes. . . . 'By definition
> there can be but one "predominant" cause . . . . There
> may, however, be multiple "major" causes.' "

We consider the board's interpretation of the statutory standard incorrect. It does not accord with precedent or with ordinary lexical definitions. The board's reliance on *Siano's Case*, 16 Mass. Workers' Comp. Rep. 237 (2002), is misplaced. In construing a different sentence of G. L. c. 152, § 1(7a),[1] the board in that case noted the contrast in the statute between the words "major" and "predominant" and specifically found "instructive" that the statute used the word "a" before the word "major." *Id.* at 240. Cf. *Castillo* v. *Cavicchio Greenhouses, Inc.*, 66 Mass. App. Ct. 218, 221 n.8 (2006). We take this to imply that had the word "major" been preceded by the word "the," the board would not have held that there could be several major, but only one predominant cause. Indeed, in *Myers's Case*, 19 Mass. Workers' Comp. Rep. 22, 24 (2005), the board stated, "Only one cause can be 'the major' cause, because use of the definite article 'the' means that the cause is greater in importance than all others."

The board's present definition is also not in accord with the ordinary lexical meanings of the words "predominant" and "primary." In Webster's Third New International Dictionary of the English Language Unabridged 1786 (1993), "predominant" is defined as "having superior strength, influence, authority, or position," while "primary" is defined as "first in rank or importance." *Id.* at 1800. Similarly, in the American Heritage Dictionary of the English Language 1427 (3d ed. 1996), "predominant" is defined as "[h]aving greatest ascendancy, importance, influence, authority, or force," and "primary" is defined as "[f]irst or highest in rank, quality, or importance, principal." *Id.* at 1438. Other similar definitions are set forth in the margin.[2]

---

[1]That sentence reads: "If a compensable injury or disease combines with a pre-existing condition, which resulted from an injury or disease not compensable under this chapter, to cause or prolong disability or a need for treatment, the resultant condition shall be compensable only to the extent such compensable injury or disease remains a major but not necessarily predominant cause of disability or need for treatment."

[2]In the Oxford Pocket American Dictionary of Current English 620 (2002),

We consider the distinctions in definition between "predominant" and "primary" of no significance in determining the requisite causal relationship for purposes of receiving benefits for mental or emotional injuries. In sum, we think Dr. Nestelbaum's use of the terms "the major cause" and "the primary cause" were substantially equivalent to the statutory term and provided the proper standard. See *Robinson's Case*, 416 Mass. 454, 460 (1993) (exact wording not necessary for proper application of standard).

The employee also raises a second issue, raised below but not explicitly treated by the board. She argues that the administrative judge improperly applied an objective standard in determining whether the events were stressful. After stating the statutory standard, "the predominant contributing cause of such disability," the judge opined that he did "not find the events at work to be at such a level as to meet that standard." He also stated, "While I do not doubt the sincere belief of the employee today that her problems stem from work rather than from the other stressors in her life, I do not find the work events she describes to be as egregious as she now believes them to be."

The administrative judge's view of the severity of the stressful incidents at work is an impermissible consideration. "[T]here is nothing in the statute to suggest that emotional disability is compensable only if it resulted from 'an unusual and objectively stressful or traumatic event.' . . . The finding that the employee's disability was causally related to a series of events at work is sufficient as long as those events [meet the required causal standard] bringing about the employee's disability." *Robinson's Case*, 416 Mass. at 460.

We reject the Commonwealth's argument that the employee should not, in any event, prevail, on the ground that the administrative judge discredited her testimony. The record does not support this claim. The judge did not find that the events

---

"predominant" is defined as "being the strongest or main element" while "primary" is defined as "of the first importance, chief." *Id.* at 626-627. See also Black's Law Dictionary 1177 (6th ed. 1990), where "predominant" is defined as "[s]omething greater or superior in power and influence to others with which it is connected or compared" and "primary" is defined as "[f]irst, principal; chief; leading." *Id.* at 1190. We have not found a definition of the term "the major" in any of the primary or major dictionaries.

recounted by the employee did not occur (indeed, he credited the evidence that the employee caused two supervisors to be disciplined), nor did he state that he disbelieved Dr. Nestelbaum. Under G. L. c. 152, § 11A, in the absence of contradictory medical evidence, the impartial physician's determination whether an employee's disability has as its predominant contributing cause an injury arising out of the course of the employee's employment must be accepted as true. See *Young's Case*, 64 Mass. App. Ct. 903, 904 (2005).

The decision of the board is reversed, and the case is remanded for further proceedings consistent with this opinion.

*So ordered.*