## WILLIAM GOODWIN'S CASE.

No. 11-P-2088.

Suffolk. September 11, 2012. - October 15, 2012.

Present: MEADE, SIKORA, & WOLOHOJIAN, JJ.

*Workers' Compensation Act,* Findings by administrative judge, Impartial medical examiner, Judicial review, Proximate cause. *Administrative Law,* Agency's interpretation of statute, Judicial review.

The reviewing board of the Department of Industrial Accidents (board) properly upheld an administrative judge's award of temporary disability and medical benefits to an employee, on the ground that a work injury that was responsible for forty percent of the employee's disability was sufficient to be a "major cause" of the disability under G. L. c. 152, § 1(7A), where the board's decision not to defer to an impartial medical examiner's opinion on causation was not arbitrary and capricious, in that the administrative judge had been under no obligation to adopt all of the medical examiner's opinion, the medical examiner's conclusion had been based on a misunderstanding of G. L. c. 152, § 1(7A), and the board determined that the administrative judge had applied the correct standard to the examiner's assessment of the work injury [645]; and where the board's interpretation of the phrase "major cause" was not contrary to law, in that the language of G. L. c. 152, § 1(7A), implies there may be more than one major cause and makes explicit that a major cause need not be the superior or greatest cause [645-647].

APPEAL from a decision of the Industrial Accident Reviewing Board.

*W. Todd Huston* for the employer.

*Joseph P. McKenna, Jr.,* for the employee.

MEADE, J. National Grid, formerly KeySpan New England, LLC (self-insurer), appeals from a decision of the reviewing board of the Department of Industrial Accidents (board) affirming the award of temporary disability and medical benefits to William Goodwin (employee). At issue in this appeal is the application of the "major cause" standard of G. L. c. 152, § 1(7A), when an industrial injury combines with a noncompensable

preexisting condition to cause the employee's disability.[1] On appeal, the self-insurer claims that (1) the board's decision, which failed to treat the impartial medical examiner's opinion on causation as binding in the absence of any countervailing medical evidence, was arbitrary and capricious, and (2) the board's interpretation of the statutory phrase "a major . . . cause" was contrary to law. We affirm.

1. *Background.* The employee was fifty-five years old at the time of the 2010 hearing before the administrative judge. He had worked his entire career for the self-insurer and its predecessors. During the prior seventeen years, he had worked as a pipefitter, which involved heavy physical labor. On December 29, 2008, while working overhead with two wrenches to repair a gas leak, the employee felt a "pop" in the back of his neck. Although he had experienced neck pain before, this pain was different, radiating down his right arm and much worse than the pain he had experienced in the past; he also experienced numbness in the arm. An MRI (magnetic resonance imaging) examination of his cervical spine revealed extensive degenerative disc disease and disc degeneration at multiple levels, with osteophyte formation, facet changes, and impingement of the thecal sac at the C4, C5, and C6 vertebrae, primarily on the right side. Surgery eventually provided relief, and the employee returned to work on a full duty basis on February 1, 2010.

An impartial medical exam was performed by Dr. Nabil Basta pursuant to G. L. c. 152, § 11A. He diagnosed a cervical strain and aggravation of preexisting cervical spondylosis. Dr. Basta opined that the work injury was responsible for forty percent of the employee's disability and sixty percent was attributable to the employee's preexisting degenerative condition. His written report concluded that the work injury was not a "major cause" of the employee's disability or surgery, but only a "minor

---

[1]In such cases the statute, quoted more fully *infra*, provides that "the resultant condition shall be compensable only to the extent [the] compensable injury or disease remains *a major* but not necessarily predominant *cause* of disability or need for treatment" (emphases supplied). G. L. c. 152, § 1(7A), as amended by St. 1991, c. 398, § 14. This part of the statute is also known as the "combination injury" provision. See *Carpenter's Case,* 456 Mass. 436, 438 n.3 (2010); *Cornetta's Case,* 68 Mass. App. Ct. 107, 117 (2007).

component." Dr. Basta's conclusion, as he later explained at his deposition, was based on his belief that to be a "major cause," the work injury must account for more than fifty percent of the disability. The administrative judge, who had no other medical expert testimony before him, adopted the medical findings in Dr. Basta's report, but concluded that the doctor used an improper legal standard in reaching his conclusion that the injury was not a "major cause." The administrative judge found and ruled, based on all the evidence before him, that forty percent "is sufficient to be a major cause of the employee's disability and need for treatment." The self-insurer appealed to the reviewing board, which affirmed in a written decision that is now before us.

2. *Standard of review.* The Supreme Judicial Court has summarized the guiding principles as follows:

> "An aggrieved party may seek judicial review of a decision of the board concerning workers' compensation benefits. G. L. c. 152, § 12(2). As specified in . . . § 12(2), we review the board's decision in accordance with the standards set forth in G. L. c. 30A, § 14(7)(*a*)-(*d*), (*f*), and (*g*). *Scheffler's Case,* 419 Mass. 251, 257-258 (1994). Pursuant to these statutory standards, we may reverse or modify the board's decision when it is '[i]n violation of constitutional provisions,' '[i]n excess of the statutory authority or jurisdiction of the agency,' '[b]ased upon an error of law,' '[m]ade upon unlawful procedure,' '[u]nwarranted by facts found . . . where the court is constitutionally required to make independent findings of fact,' or is '[a]rbitrary or capricious, an abuse of discretion, or otherwise not in accordance with law.' G. L. c. 30A, § 14(7)(*a*)-(*d*), (*f*), and (*g*). Under these standards, in determining whether the board properly affirmed the administrative judge's findings, we consider 'whether the decision is factually warranted and not "[a]rbitrary or capricious," in the sense of having adequate evidentiary and factual support and disclosing reasoned decision making.' *Scheffler's Case, supra* at 258. . . . Where a statute is involved, '[a]lthough "[t]he interpretation of a statute by the agency charged with primary responsibility for administering it is entitled to substantial deference,"

*Gateley's Case*, 415 Mass. 397, 399 (1993), ultimately the "duty of statutory interpretation is for the courts." *Slater's Case*, 55 Mass. App. Ct. 326, 330 (2002).' *Moss's Case*, 451 Mass. 704, 709 (2008)."

*Carpenter's Case*, 456 Mass. 436, 439 (2010). In addition, we "give due weight to the experience, technical competence, and specialized knowledge of the agency, as well as to the discretionary authority conferred upon it." G. L. c. 30A, § 14, as amended by St. 1973, c. 1114, § 3. See *Murphy's Case*, 53 Mass. App. Ct. 424, 427 (2001).

3. *Discussion.* The self-insurer claims that the board's decision, which failed to defer to Dr. Basta's opinion on causation, was arbitrary and capricious. We disagree. "Findings of fact, assessments of credibility, and determinations of the weight to be given the evidence are the exclusive function of the administrative judge." *Pilon's Case*, 69 Mass. App. Ct. 167, 169 (2007). Dr. Basta opined that because the work injury was responsible for only forty percent of the employee's disability while sixty percent was attributable to the employee's preexisting degenerative condition that was not job-related, the work injury was not a "major cause" under G. L. c. 152, § 1(7A). The administrative judge was under no obligation to adopt all of Dr. Basta's opinion, especially because (as we discuss below) his conclusion was based on a legal misunderstanding of what qualifies as a "major cause." See *Clarici's Case*, 340 Mass. 495, 497 (1960) (single member and reviewing board free to adopt any portions of medical testimony they deem credible). In other words, as the board stated, it was not within the purview of the impartial medical examiner to define the legal scope of G. L. c. 152, § 1(7A). As the board determined, in light of Dr. Basta's misunderstanding of the meaning of "major cause," the administrative judge, who applied the correct standard to Dr. Basta's assessment of the work injury as a forty percent cause, was warranted in concluding that the employee had met his burden of proof under § 1(7A). Indeed, where there are two identified causes of an employee's disability, a forty percent cause may be a "major cause." As such, the board's decision was not arbitrary and capricious.

The self-insurer also claims that the board's interpretation of

the phrase "major cause" was contrary to law. More specifically, the self-insurer claims that the board's conclusion that a "major cause" can be less of a factor than the most important cause was erroneous and inconsistent with the plain meaning of the statute. We disagree.

In interpreting a statute, we look first to its language as "the principal source of insight into legislative intent." *Water Dept. of Fairhaven* v. *Department of Envtl. Protection,* 455 Mass. 740, 744 (2010), quoting from *Providence & Worcester R.R.* v. *Energy Facilities Siting Bd.,* 453 Mass. 135, 142 (2009). Where the meaning of the language is plain and unambiguous, we will not look to extrinsic evidence of legislative intent "unless a literal construction would yield an absurd or unworkable result." *Boston Hous. Authy.* v. *National Conference of Firemen & Oilers, Local 3,* 458 Mass. 155, 162 (2010) (interpreting G. L. c. 150E, § 7[a], which was later amended by St. 2011, c. 198, § 1). See *Halebian* v. *Berv,* 457 Mass. 620, 630 (2010).

Section 1(7A) of c. 152, as amended by St. 1991, c. 398, § 14, provides in pertinent part:

> "If a compensable injury or disease combines with a pre-existing condition, which resulted from an injury or disease not compensable under this chapter, to cause or prolong disability or a need for treatment, the resultant condition shall be compensable only to the extent such compensable injury or disease remains a major but not necessarily predominant cause of disability or need for treatment."

This provision of c. 152 "imposes a heightened proof of causation on an employee who claims benefits in a situation where the claimed injury may be owing to a resultant condition arising from a combination of injuries, the claimed compensable injury and a prior noncompensable injury. In those instances where the statute applies, as part of his proof of causation the employee must prove that the 'compensable injury or disease remains *a major but not necessarily predominant cause* of disability or need for treatment.' G. L. c. 152, § 1(7A)." (Emphasis supplied.) *MacDonald's Case,* 73 Mass. App. Ct. 657, 659 (2009). The emphasized language of § 1(7A) is clear: "*a* major . . . cause" need not be *the* "major . . . cause." See *Commonwealth* v.

*Mandell*, 61 Mass. App. Ct. 526, 528 (2004), quoting from *Pyle* v. *School Comm. of S. Hadley*, 423 Mass. 283, 285 (1996) ("[W]here the language of a statute is clear and unambiguous, it is conclusive as to legislative intent"). The Legislature's choice of the article "a," rather than "the," to precede "major . . . cause" implies that there may be more than one major cause. See *May's Case*, 67 Mass. App. Ct. 209, 212 (2006). In addition, the accompanying language ("but not necessarily predominant") makes it explicit that a major cause need not be the superior or greatest cause, i.e., one that is more than fifty percent of the cause of the disability. If we were to adopt the self-insurer's interpretation that a major cause cannot be less than the most important cause, we would render meaningless the Legislature's choice of articles as well as the explicit caveat regarding predominance. This we cannot do. See *Halebian* v. *Berv*, 457 Mass. at 628 ("We give effect to each word and phrase in a statute, and seek to avoid an interpretation that treats some words as meaningless"). There was no error.[2]

> *Decision of reviewing board affirmed.*

---

[2]Relying on selected parts of Dr. Basta's deposition testimony, the self-insurer also argues that "there was no medical evidence . . . to support a finding of anything more than a simple aggravation" of the employee's preexisting condition. The argument is without merit. The administrative judge quite evidently did not credit this portion of the testimony, as was his prerogative. The remaining evidence, including the written report, amply supported his findings.