CHERIL YOUNG'S CASE. No. 04-P-395. August 31, 2005. *Workers' Compensation Act,* Decision of Industrial Accident Reviewing Board, Expert opinion, Impartial medical examiner, Proximate cause. *Appeals Court,* Appeal from order of single justice.

The employer, Cape Cod Hospital, appeals from a judgment entered by a single justice of this court affirming a decision of the Department of Industrial Accidents reviewing board[1] awarding worker's compensation benefits to the employee, an emergency room technician, who alleged that she became infected with the hepatitis C virus at work. The only expert medical evidence on the question of causation was the report and deposition of an independent medical examiner (IME) appointed from the roster of impartial physicians pursuant to G. L. c. 152, § 11A, as amended by St. 1991, c. 398, § 30. The IME was of the opinion that, even though the employee did not recall receiving a needle stick or laceration involving a sharp object at the hospital, the most likely cause of her infection was an inapparent needle stick sustained on the job. The board twice overturned decisions by the administrative judge rejecting the IME's opinion as speculative.[2]

The single justice concluded that, contrary to the employer's assertion, the board did not find facts that contradicted the facts found by the administrative judge; the board merely ruled, contrary to the administrative judge, that the report and deposition of the IME were not inadequate as matter of law to support a finding of causal connection. The single justice also concluded that the board did not err in ruling that the IME opinion was based on a reasonable medical inference, and, like the board, found *Patterson* v. *Liberty Mut. Ins. Co.*, 48 Mass. App. Ct. 586 (2000), to be distinguishable. The single justice reasoned that, unlike the IME in *Patterson*, the IME in the present case properly inferred exposure at work from admissible evidence — that the employee had regular contact with needles and other sharps while performing

---

[1]At the time, appeals from decisions of the reviewing board were directed in the first instance to a single justice pursuant to this court's Standing Order Governing Appeals from the Industrial Accident Reviewing Board (1990). The standing order was rescinded effective July 1, 2005. Such appeals now go directly to a panel of this court.

[2]The only aspect of the IME's opinion with which the administrative judge found fault was the inference drawn by the IME that the employee probably was stuck with a needle or other "sharp" without knowing it. The administrative judge did not disagree that a stick from a contaminated needle is a known means of transmitting the virus. The administrative judge also found the employee to be credible, thus accepting the IME's conclusion that other common sources of hepatitis C infection could be ruled out based upon the history reported by the employee.

her job — and then performed a valid differential diagnosis[3] to rule out other likely causes. We agree with the rationale of the single justice and make the following additional observations.

Our review of the board's decision is a limited one. Pursuant to G. L. c. 152, § 12(2), as amended through St. 1991, c. 398, § 32A, a decision of the board is reviewed in accordance with the standards expressed in the Administrative Procedure Act, G. L. c. 30A, § 14(7)(*a*)-(*d*), (*f*), and (*g*). See *Scheffler's Case*, 419 Mass. 251, 258 & n.4 (1994). Although the employer frames its arguments in terms of these standards, contending that the board exceeded its authority, committed errors of law, and came to a decision that was unwarranted by the facts, we discern no such infirmities.

General Laws c. 152, § 11A(2), provides that an IME's report "shall constitute prima facie evidence of the matters contained therein." Thus, as the board correctly observed, in the absence of contradictory medical evidence, the administrative judge was required to accept the IME report as true.[4] *Coggin* v. *Massachusetts Parole Bd.*, 42 Mass. App. Ct. 584, 589 (1997).

It is true that there are recognized exceptions to this rule. An IME opinion does not attain the status of prima facie evidence if it goes beyond the medical issues in the case, see *Scheffler's Case*, 419 Mass. at 259; if it is not expressed in terms of probability, see *Patterson* v. *Liberty Mut. Ins. Co.*, 48 Mass. App. Ct. at 592; or if it is unsupported by admissible evidence in the record or any other proper basis, see *id.* at 597. However, these exceptions do not come into play here.

Whether the employee, as an emergency room worker, was likely to suffer an inapparent needle stick was a medical question requiring the expertise of a physician familiar with the transmission of hepatitis C in such a setting. It was not for the administrative judge to substitute his own view on the issue. See *Lorden's Case*, 48 Mass. App. Ct. 274, 280 (1999) (administrative judge may not rely "upon his own knowledge of medical matters in order to form his judgment"). See generally *O'Brien's Case*, 424 Mass. 16, 23 (1996) (IME's position is analogous to that of a master or arbitrator with respect to prescribed medical issues). Compare *Scheffler's Case*, 419 Mass. at 259 (no error where the administrative judge treated as prima facie evidence the IME's opinion that "a fall at work had aggravated a degenerative condition of [the employee's] lower back," but not the IME's unsupported opinion on the employee's ability to be "gainfully employed in his usual occupation").

Here, the IME's opinion was squarely within his expertise and was based upon an adequate factual foundation. It was informed by his personal experience working in emergency rooms, his knowledge of protocols used in emergency rooms with respect to the disposal of needles and sharps, his experience that it is common for protocols to be disregarded in the moment of

---

[3]"In medical dictionaries the term 'differential diagnosis' usually denotes a process of deducing the patient's disease based on a set of symptoms. In law, the term is used to denote a process of deducing the cause of an already defined disease." 2 Faigman, Kaye, Saks & Sanders, Modern Scientific Evidence § 20-1.1 n.15.1, at 37 (2d ed. Supp. 2003). A reliable differential diagnosis is a valid methodology for proving medical causation. *Hicks's Case*, 62 Mass. App. Ct. 755, 761-762 (2005).

[4]The employer did not seek leave to introduce medical evidence of its own pursuant to G. L. c. 152, § 11A(2).

an acute emergency, his familiarity with a study involving surgeons who suffered injuries from sharps without being aware of it, and his understanding that the employee's job put her in contact with potentially contaminated instruments. Thus, this case is significantly different from *Patterson*, where the IME opined on a technical, nonmedical issue (air quality) that was specific to the employee's workplace. When engineering reports upon which he relied were struck as inadmissible, there was no foundation for his opinion that the employee was exposed to asthma-inducing agents at work. *Patterson* v. *Liberty Mut. Ins. Co.*, 48 Mass. App. Ct. at 595-597.

This case also is distinguishable from *Smith* v. *Bell Atlantic*, 63 Mass. App. Ct. 702, 718-720 (2005), where we held that a trial judge did not abuse her discretion in finding that the opinion of the plaintiff's medical expert was unreliable. In *Smith*, the judge reasonably could conclude that the expert knew too little about the plaintiff's life to be able reliably to opine that the defendant's failure to accommodate, as opposed to other factors, was the major contributing cause of the plaintiff's worsening post polio syndrome. For example, the expert was unaware of the plaintiff's activities during lengthy periods when she was out of work. Thus, the expert was not in a position to rule out other potential causes of the plaintiff's decline. Here, on the other hand, the IME was personally familiar with a risk common to hospitals, knew that the employee's job put her in contact with sharps, and, based on the employee's history, was able to rule out other risks of infection. The IME's opinion was not incompetent for lack of more detailed, particularized knowledge of the employee's workplace and duties.

Like the single justice, we see no merit in the employer's contention that the IME's differential diagnosis was unsound. Fairly read, the IME's testimony about unknown causes of transmission did not establish that there are common methods of transmission of hepatitis C of which the medical community is unaware. Moreover, in performing a differential diagnosis "[t]he requirement that experts rule out other plausible causes does not require them to exhaustively exclude every other possible cause." 2 Faigman, Kaye, Saks, & Sanders, Modern Scientific Evidence § 20-1.4.1, at 39 (2d ed. Supp. 2003). See G. L. c. 152, § 11A(2) (IME to determine, inter alia, "whether or not within a reasonable degree of medical certainty [the employee's disability] has as its major or predominant contributing cause a personal injury arising out of and in the course of the employee's employment"). See also *Rodrigues's Case*, 296 Mass. 192, 195 (1936), and cases cited (employee "not required to exclude all other possible sources of his injury . . . or to show its precise cause"). Here, the IME considered and ruled out all likely causes other than workplace exposure from a contaminated instrument.

Finally, we are unpersuaded that the board applied an improper standard of review to the administrative judge's decision. "According to G. L. c. 152, § 11C, as amended by St. 1991, c. 398, § 31, '[t]he reviewing board shall reverse the decision of an administrative judge only if it determines that such administrative judge's decision is beyond the scope of his authority, arbitrary or capricious, or contrary to law.' " *Hicks's Case*, 62 Mass. App. Ct. 755, 763 (2005). The administrative judge framed his ruling on the sufficiency of the IME's opinion as an issue of law and the ruling was properly treated as contrary to law by the board. In any event, even under an abuse of discretion standard of review, the result would be the same. See, e.g., *Fourth Street Pub,*

*Inc.* v. *National Union Fire Ins. Co.*, 28 Mass. App. Ct. 157, 161 (1989) (judge abused his discretion by striking expert testimony that was "based upon reasonably adequate familiarity with the facts").

*Judgment affirmed.*

*Patrick T. Clendenen* (*A.W. Phinney, III*, with him) for the employer.

*John J. O'Day, Jr.*, for the employee.

The following submitted briefs for amici curiae:

*Linda T. Manning & Scott E. Richardson* for Atlantic Charter Insurance Company & others.

*Colin J. Zick & Bradley E. Abruzzi* for Massachusetts Hospital Association.


