Thomas Brommage's Case.

No. 09-P-381.

Suffolk. October 14, 2009. - November 25, 2009.

Present: Kantrowitz, Smith, & Graham, JJ.

*Workers' Compensation Act,* Impartial medical examiner, Amount of compensation, Appeal, Judicial review.

This court concluded that an administrative judge of the Department of Industrial Accidents properly declined to adopt the report of an independent medical examiner and denied an employee's psychiatric disability claim, where the administrative judge did not credit the employee's testimony, and the report of the independent medical examiner (concluding that the employee was disabled) was based on the same facts that the administrative judge did not credit; therefore, the reviewing board of the Department of Industrial Accidents properly affirmed, summarily, the administrative judge's decision. [827-828]

Appeal from a decision of the Industrial Accident Reviewing Board.

*Israel M. Sanchez, Jr.,* for the employee.

*Martin T. Sullivan* for the employer.

Kantrowitz, J. Today we hold, similar to our holding in *Dalbec's Case,* 69 Mass. App. Ct. 306, 313-316 (2007), that an administrative judge in the Department of Industrial Accidents (department) need not adopt the conclusions of an impartial medical examiner's (IME's) report in a workers' compensation case where the judge finds the factual foundation of the report not credible. As such, we affirm the decision of the department's reviewing board, which summarily affirmed the decision of the administrative judge.

*Facts.* On September 7, 2005, the employee, Thomas Brommage, injured his lower back while helping to put food into a

refrigerator.[1] Shortly thereafter, he allegedly began suffering from major depression related to the accident. On the day Brommage informed his employer about his disability, his employment was terminated.

Brommage filed both physical and psychiatric workers' compensation claims, under G. L. c. 152, §§ 34 & 35, seeking benefits under §§ 13 and 30 for his medical and psychiatric care. Two IMEs were assigned pursuant to G. L. c. 152, § 11A(2), to evaluate the two different claims. Concerning the physical claim, the IME concluded that Brommage was partially disabled. The administrative judge agreed, granting workers' compensation benefits under G. L. c. 152, § 35. Conversely, the administrative judge disagreed with the IME evaluating the psychiatric claim, who concluded that Brommage suffered from major depression, moderate to severe, and mild to moderate anxiety. The psychiatric IME further stated that Brommage was temporarily totally disabled as a result of his psychiatric condition.[2]

Following a hearing on October 1, 2007,[3] the administrative judge found the report of the psychiatric IME to be adequate.[4] He further found, however, the testimony of Brommage regarding his psychiatric claim not credible, concluding that it was exaggerated and concocted to maintain compensation benefits.[5]

---

[1]At the time of the injury, Brommage was a vice-president and corporate director at Unidine Corporation, but was helping out in the kitchen due to a personnel shortage.

[2]The psychiatric IME's report stated, among other things, that Brommage denied any previous history of depression or other psychiatric problems or treatment prior to his back injury.

[3]The psychiatric IME was deposed in lieu of testifying at the hearing, and a transcript of his deposition was in evidence before the administrative judge.

[4]The adequacy of an IME's report relates to whether it conforms to the proper scope and purpose of an examination under G. L. c. 152, § 11A(2). See *Coggin* v. *Massachusetts Parole Bd.*, 42 Mass. App. Ct. 584, 588-589 (1997).

[5]Specifically, the administrative judge found that Brommage's testimony that he could not concentrate, spent a lot of time watching television, was unable to read a book or finish a task, had recurring nightmares that affected his sleep, had racing or consuming thoughts, and needed to take daily naps, was inconsistent with his ability at the hearing to follow questions and formulate responses. The administrative judge further noted that Brommage had an excellent memory. While it would have been fully permissible for the administrative judge to accept Brommage's complaints as credible, he was not required to do so.

Determining that the psychiatric IME's report was based on a factual foundation that was not credible, he declined to adopt it, thus denying the psychiatric claim under G. L. c. 152, § 30. The department's reviewing board summarily affirmed the administrative judge's decision.

On appeal, Brommage argues that the administrative judge impermissibly substituted his lay judgment for that of the expert IME. Since the administrative judge was entitled to weigh the IME's report against other evidence, including Brommage's testimony, we affirm.

*Standard of review.* In cases where the department's reviewing board summarily affirms the decision of an administrative judge, the reviewing court inspects the findings and reasoning of the administrative judge. *Dalbec's Case*, 69 Mass. App. Ct. at 313. We consider "whether the decision is factually warranted and not '[a]rbitrary or capricious,' in the sense of having adequate evidentiary and factual support and disclosing reasoned decision making within the particular requirements governing a workers' compensation dispute." *Scheffler's Case*, 419 Mass. 251, 258 (1994), quoting from G. L. c. 30A, § 14(7)(*g*). "In so doing, we must ascertain whether the decision contain[s] conclusions which are adequately supported by subsidiary findings which are not lacking in evidential support or . . . tainted by error of law." *Patterson* v. *Liberty Mut. Ins. Co.*, 48 Mass. App. Ct. 586, 587 n.5 (2000) (quotations omitted).

"Whether an employee has suffered a total disability is a question of fact, and a board's finding on that issue must stand unless unsupported by the evidence." *MacDonald's Case*, 73 Mass. App. Ct. 657, 662 (2009), quoting from *Trant's Case*, 21 Mass. App. Ct. 983, 984 (1986). "Findings of fact, assessments of credibility, and determinations of the weight to be given the evidence are the exclusive function of the administrative judge." *Pilon's Case*, 69 Mass. App. Ct. 167, 169 (2007).

*The report of the IME.* Under G. L. c. 152, § 11A(2), as amended by St. 1991, c. 398, § 30, an IME's "report shall constitute prima facie evidence of the matters contained therein," and absent contradictory medical evidence an administrative judge is required to accept the IME's report as true. *Young's Case*, 64 Mass. App. Ct. 903, 904 (2005). However, prima facie

evidence is rebuttable, not conclusive, and "may be met and overcome by evidence sufficient to warrant a contrary conclusion." *Dalbec's Case*, 69 Mass. App. Ct. at 313-314, quoting from *Anderson's Case*, 373 Mass. 813, 817 (1977). "An IME opinion does not attain the status of prima facie evidence if it goes beyond the medical issues in the case; if it is not expressed in terms of probability; or if it is unsupported by admissible evidence in the record or any other proper basis." *Young's Case*, 64 Mass. App. Ct. at 904 (citations omitted). To this we add that the IME's report is not entitled to any weight unless the fact finder believes the facts on which the report is based.

An administrative judge may uncover deficiencies in the findings and reasoning in the IME's report and if so, that report may give way to a contrary conclusion for one or more reasons. *Dalbec's Case*, 69 Mass. App. Ct. at 314. The administrative judge may also give "decisive weight" to the testimony of the employee. *Ibid.* See *Orange* v. *Shay*, 68 Mass. App. Ct. 358, 361-362 (2007), quoting from *Johnston* v. *Johnston*, 38 Mass. App. Ct. 531, 536 (1995) (judge's credibility determinations "close to immune from reversal on appeal except on the most compelling of showings"). See also *Commonwealth* v. *Rodriguez*, 437 Mass. 554, 561 (2002); Mass. G. Evid. § 702 (2008-2009).

Here, the administrative judge found Brommage's testimony lacking in credibility.[6] Since the conclusions of the psychiatric IME were based on the same facts the administrative judge discredited, the administrative judge declined, properly in our view, to adopt those conclusions. The administrative judge made a reasoned decision based on the evidence before him. "We will not disturb the judge's findings that are 'reasonably deduced from the evidence and the rational inferences of which it was susceptible.' " *Pilon's Case*, 69 Mass. App. Ct. at 169, quoting from *Chapman's Case*, 321 Mass. 705, 707 (1947).

*Decision of reviewing board affirmed.*

---

[6]Conversely, in *Dalbec's Case*, 69 Mass. App. Ct. at 314-316, wherein the IME opined the employee could return to full employment, the administrative judge found otherwise, relying in large part on the credibility of the employee.