## Gary Bolduc's Case.

No. 12-P-1764.

Suffolk. September 17, 2013. - December 4, 2013.

Present: Hanlon, Brown, & Sullivan, JJ.

*Workers' Compensation Act,* Previous work-related injury, Subsequent injury, What insurer liable.

The reviewing board of the Department of Industrial Accidents correctly concluded that the successive insurer rule required that the insurer on the risk at the time of an employee's injury assume the payment of benefits to the employee and reimburse another, predecessor insurer for benefits the predecessor had already paid to the employee in treating the employee's claim as a recurrence of a previous injury for which it had earlier paid benefits, where an administrative judge had determined the employee's injury to be a new injury and not a recurrence of the previous injury. [585-588]

The reviewing board of the Department of Industrial Accidents did not act in excess of its powers in crafting an equitable order compelling an insurer to pay an employee's claim, where, although the procedure under G. L. c. 152, § 15A, for adjudicating disputes between carriers as to liability was not invoked, the failure to invoke that expedited hearing procedure did not deprive the board of jurisdiction to adjudicate the claim that came before it, or to interpret the statute it is charged with administering; and where, given that the equitable powers of the board are deeply rooted, the board was empowered to fill the gap, if any, left by the absence of a § 15A proceeding in order to dispose completely of the claim. [588-589]

Appeal from a decision of the Industrial Accident Reviewing Board.

*John J. Canniff* for Travelers Insurance Co.

*Margo A. Sutton* for Liberty Mutual Insurance Co.

Sullivan, J. This is a dispute between two workers' compensation insurers as to which of them is liable for payment of compensation benefits to an employee whose entitlement to benefits is no longer in question. Travelers Insurance Co. (Travelers) appeals from the decision of the board of review of the Depart-

ment of Industrial Accidents (board), holding Travelers liable for compensation payments. Travelers contends that the board's decision is contrary to law and exceeded the board's authority. See G. L. c. 30A, § 14; G. L. c. 152, § 12(2). We affirm.

*Background.* Gary Bolduc suffered a back injury in November of 2002 which resulted in a prolonged absence from work and a claim for compensation. The employer's workers' compensation insurer at that time, Liberty Mutual Insurance Co. (Liberty Mutual), paid the claim. Bolduc returned to work for the same employer. On or about May 27, 2008, Bolduc injured his back at work once again. He stopped working on June 5, 2008. Travelers was the insurer on the risk at the time of the 2008 injury.

The employer notified Liberty Mutual of the May 27, 2008, injury, but did not notify Travelers at that time. Treating the claim as a recurrence of the 2002 injury, Liberty Mutual resumed payment of benefits retroactive to June 6, 2008, and continued to pay benefits through the filing and resolution of Bolduc's claim for an increased average weekly compensation rate. See G. L. c. 152, §§ 34, 35B. On October 17, 2008, the employee filed another claim for the same injury against Liberty Mutual seeking surgical benefits, as well as an initial claim against Travelers for medical and weekly payments. After a conference held on December 23, 2008, an administrative judge ordered Liberty Mutual to continue paying benefits, and denied the claim as to Travelers. Liberty Mutual appealed, and the administrative judge set the matter for a de novo hearing among all three parties.

After the hearing, the administrative judge found that the 2008 injury was a new injury, not a recurrence of the 2002 injury, and that the employee was therefore entitled to compensation. Liberty Mutual maintained that the successive insurer rule rendered Travelers responsible, as Travelers was on the risk in 2008. See *Pilon's Case,* 69 Mass. App. Ct. 167, 169 (2007), and cases cited. The administrative judge determined that Liberty Mutual had "accepted liability for the case as a recurrence . . . attributable to the November 2002 injury" because of its history of payment. The board reversed, concluding as a matter of law that the successive insurer rule governed.

The board ordered Travelers to assume payments going forward and to reimburse Liberty Mutual.

*Discussion.* 1. *Successive insurer rule.* The board's decision may be set aside only if it is arbitrary or capricious, an abuse of discretion, or erroneous as a matter of law. See G. L. c. 152, § 12(2). See also G. L. c. 30A, § 14(7)(*a*)-(*d*), (*f*), (*g*); *Haslam's Case*, 451 Mass. 101, 106 (2008); *Wadsworth's Case*, 461 Mass. 675, 679 (2012). The parties are in agreement that there are no factual issues before us.[1] Instead, the appeal presents a pure question of law, namely whether the successive insurer rule governs, rendering Travelers responsible for the payment of benefits. The board is entitled to substantial deference to its reasonable interpretation of a statute which it administers, although "the duty of statutory interpretation ultimately is for the courts." *Spaniol's Case*, 466 Mass. 102, 106 (2013). The board concluded that the statute is clear, and that the insurer on the risk at the time of a new injury is the responsible party. We agree.

"The successive insurer rule provides that the insurer covering the risk at the time of the most recent injury that bears causal relation to the disability claimed must pay the entire compensation," *Pilon's Case, supra,* so long as the most recent injury contributes to the incapacity to the "slightest extent."[2] *Ibid.,* quoting from *Rock's Case,* 323 Mass. 428, 429 (1948). See *DeFilippo's Case,* 284 Mass. 531, 533 (1933); *Crowley's Case,* 287 Mass. 367, 373 (1934); *Anderson's Case,* 288 Mass. 96, 100 (1934); *Donahue's Case,* 290 Mass. 239, 240-241 (1935) (construing prior version of G. L. c. 152, § 26); *Donahue's Case,* 292 Mass. 329, 331 (1935); *Evans's Case,* 299 Mass. 435, 436-437 (1938); *Falcione's Case,* 305 Mass. 433, 435 (1940); *Blanco's Case,* 308 Mass. 574, 577-578 (1941); *Mizrahi's Case,*

---

[1]The factual finding that the 2008 injury was a new, compensable injury is supported by the evidence, as is the board's finding that Travelers suffered no prejudice as a result of the initial handling of the case by Liberty Mutual for the first seven months the case was pending. Neither of these conclusions is contested on appeal.

[2]"Where an employee suffers two or more compensable injuries that are causally related to a resulting incapacity, only one insurer is chargeable for the payment of compensation for the same disability." *Pilon's Case,* 69 Mass. App. Ct. at 169. Here, the administrative judge found that Bolduc's current incapacity was causally related to both the 2002 and 2008 industrial injuries.

320 Mass. 733, 736 (1947); *Morin's Case*, 321 Mass. 310, 312 (1947). "An insurer takes the employee in the condition in which it finds him, and becomes bound to compensate him according to the provisions of the act for incapacity resulting from any compensable personal injury received during the period covered by the policy." *Evans's Case, supra* at 436. By placing the responsibility for compensation on the policy of the carrier at the time of a new injury, the successive insurer rule streamlines and expedites the provision of benefits to the injured employee and avoids the complexity of assessing causation among multiple injuries and apportioning liability across multiple carriers. See *id.* at 436-437. We defer to the agency's longstanding application of the rule.

Travelers maintains that the rule is inapplicable for two interrelated reasons: (1) that the successive insurer rule does not apply because Liberty Mutual accepted the claim by voluntarily paying Bolduc from June, 2008, until the conference in December, 2008, and (2) that Liberty Mutual and the employee agreed that Liberty Mutual was responsible by virtue of its payment of the claim before conference.

That Liberty Mutual initially evaluated the claim as a recurrence claim and paid benefits subject to the limitations on cessation of payment set forth in G. L. c. 152, § 8(2), does not alter the liability of Travelers for the claim under the statute, once Bolduc's injury was adjudicated a new injury.[3] The purpose of G. L. c. 152, §§ 7 and 8, is to regulate the relationship between the insurer and the employee. These provisions do not speak to the relationship between insurers. Once Liberty Mutual paid the claim as a recurrence claim, it would not have been permitted to suspend its payments without further order of the board, or one of the other statutory justifications. See G. L. c. 152, § 8(2). This aspect of the statutory scheme is "intended to reduce the delay in payment of benefits to employees." *Hepner's Case*, 29 Mass. App. Ct. 208, 211 (1990). Liberty Mutual's

---

[3]In this case, where causation was at issue, the final determination whether the injury was new or recurring awaited expert testimony and a determination by an administrative judge after hearing. See *Carpenter's Case*, 456 Mass. 436, 441 (2010) (where a "causal relation is a matter beyond the common knowledge and experience of the ordinary layman, the proof must rest upon expert medical testimony"), quoting from *Buck's Case*, 342 Mass. 766, 769 (1961).

assumption of payment did not purport to constitute a waiver of its right to contest coverage with respect to another insurer. The board has previously held that payment by an insurer cannot be used to create or enlarge coverage under an insurance contract, and that an insurer does not waive its right to contest coverage when it pays a claim for which another insurer may be responsible. See *Lincoln* v. *Fairside Trucking*, 8 Mass. Workers' Comp. Rep. 218, 225 (1994), citing *Merrimack Mut. Fire Ins. Co.* v. *Nonaka*, 414 Mass. 187, 189, 191 (1993). The board's construction of its own statute is reasonable, and we defer to it. See *Board of Educ.* v. *Assessor of Worcester*, 368 Mass. 511, 515-516 (1975).

Nor did Liberty Mutual's decision to pay compensation during the time between the initial claim and the December, 2008, conference (when further payment was ordered) constitute a binding agreement between Liberty Mutual and Bolduc that Liberty Mutual was responsible for the injury.[4] For the reasons stated above, Liberty Mutual did not waive its claims and defenses under its policy by conduct. Nor can the employee and an insurer agree to vary the terms of the statute.[5] One purpose of the successive insurer rule is to forestall the adverse consequences of a unilateral assignment of liability as a result of the initial presentation of a claim by an injured employee. "Where incapacity results from the combined effect of several distinct personal injuries, received during the successive periods of coverage of different insurers, the result is not . . . responsibility on the part of either or any insurer at the election of the employee." *Evans's Case*, 299 Mass. at 437. If the employee's

---

[4] The administrative judge relied on the fact that Liberty Mutual paid benefits for in excess of 200 days before being ordered to do so. The board ruled that the 180-day pay without prejudice period set forth in G. L. c. 152, § 8(1), does not apply to a recurrence claim, and that the 180-day pay without prejudice period expired in 2003 with the initial claim. The board concluded that Liberty Mutual was obligated either to pay on the recurrence claim or to proffer a reasoned basis for failing to do so, but it did not waive its defenses by virtue of payment.

[5] Travelers has not cited, and we have not found, any authority for the proposition that the statutory scheme may be altered by the conduct of the parties in the absence of factors (not present here) such as laches, estoppel, fraud, unclean hands, or some other claim or defense grounded in prejudice. See generally *Utica Mut. Ins. Co.* v. *Liberty Mut. Ins. Co.*, 19 Mass. App. Ct. 262, 265 (1985).

election of carrier (whether deliberate or erroneous) presumptively governed, no carrier would take the risk of payment on a recurrence claim when coverage by a second insurer for a new injury was in dispute. Any other construction of the successive insurer rule would undermine the ameliorative purpose of the statute, which is to ensure that "the worker is more quickly compensated for the subject injury," *Baker's Case*, 55 Mass. App. Ct. 628, 633 (2002), by ensuring that the employee is not adversely affected by a dispute between carriers as to coverage. See generally G. L. c. 152, § 15A; *The St. Paul Cos.* v. *TIG Premier Ins. Co.*, 58 Mass. App. Ct. 650, 656 (2003).

2. *Equitable powers of the board.* Travelers points out that the procedure under G. L. c. 152, § 15A, for adjudicating disputes between carriers as to liability was not invoked here. From that fact, Travelers argues that the board acted in excess of its powers in crafting an equitable order compelling Travelers to pay. The argument is inapposite in two respects. First, the board did not expressly decide whether the procedures available under § 15A were applicable to these proceedings,[6] and we do not reach that issue. Even if the § 15A provision for expedited hearings in disputed claims between insurers were applicable here, procedural missteps by the parties do not bind the board.[7] The failure to invoke the § 15A expedited hearing procedure did not deprive the board of jurisdiction to adjudicate the claim that came before it, or to interpret the statute it is charged with administering.[8]

Second, the equitable powers of the board are deeply rooted. "The board is not bound by strict legal precedent or legal

[6]Travelers was notified in October, 2008, of Bolduc's claim against it, and both insurers appeared at the December conference, but neither invoked § 15A. Section 15A was raised for the first time in October, 2010, at the outset of the de novo hearing in which both insurers denied liability and contested causation.

[7]General Laws c. 152, § 15A, provides for an expedited hearing when the employee's entitlement to benefits as well as the responsibility of two or more insurers are in dispute. See *The St. Paul Cos.* v. *TIG Premier Ins. Co.*, 58 Mass. App. Ct. at 656.

[8]In this respect, it is important to reemphasize that this case does not involve a claim that the handling of the case or the failure to invoke § 15A earlier in the proceedings prejudiced the successor insurer in any respect. See *Lincoln*, 8 Mass. Workers' Comp. Rep. at 225.

technicalities, but, rather, governed by the practice in equity.
. . . The term 'in equity' is consonant with the liberal con-
struction to be given to c. 152 and has been 'applied to supply a
remedy [even] when there [may be] a gap in the statute.' "
*Utica Mut. Ins. Co.* v. *Liberty Mut. Ins. Co.*, 19 Mass. App. Ct.
262, 267 (1985) (*Utica*), quoting from Locke, Workmen's
Compensation § 29, at 34 (2d ed. 1981). To the extent, if any,
that the absence of a § 15A proceeding in this case left a gap in
the relief explicitly enumerated under the statute, the relief
granted by the board was "necessary and incidental to the full
exercise of the [board's] powers." *Levangie's Case*, 228 Mass.
213, 217 (1917). Contrast *Taylor's Case*, 44 Mass. App. Ct.
495, 497-498 (1998). The board was empowered to fill that gap
in order to "dispose completely of the claim." *Utica, supra.*

> *Decision of reviewing board
> affirmed.*