The employer's insurer, Indemnity Insurance Company of North America C/O Sedgwick (Indemnity), appeals from a decision of the reviewing board of the Department of Industrial Accidents (board) which, in turn, affirmed the decision of the administrative judge ordering Indemnity to pay the employee, Karen J. Connors, temporary benefits and permanent benefits pursuant to G. L. c. 152, §§ 34 & 34A. Indemnity argues that the administrative judge did not perform a complete vocational analysis, and therefore his determination that Connors is totally incapacitated was arbitrary and capricious. We affirm.
Background. On March 6, 2005, Connors injured her right knee while working as a security patrol officer for the employer.[2] The injury also caused a tear in her right hamstring. She received treatment for the knee but its condition deteriorated between 2005 and 2012. On March 22, 2012, Connors underwent surgery. Following the surgery, Connors returned to work; however, the knee was still painful and her right thigh was swollen. On August 14, 2012, she injured her left knee when her shoe caught on the emergency brake of the patrol car while she was getting out of the car.[3] She finished her shift and saw a doctor the next day. She has not worked since August 29, 2012.
Connors underwent surgery on her left knee on November 29, 2012.[4] She is being treated by Dr. James Nairus, an orthopedic surgeon, for her ongoing surgical recovery and planned future surgeries on both knees. She is also being treated by Dr. Edgar Ross, a pain specialist, for pain management due to her sciatica and hamstring tear related to the knee injuries. Connors testified at the hearing before the administrative judge on July 6, 2015. She stated that she has pain in both knees and her right thigh. These conditions require significant medication[5] and prevent her from sleeping more than two hours without waking. She testified that the pain from her thigh makes it hard to concentrate or sit still for prolonged periods. Furthermore, she stated that she cannot stand without support, and, with support can stand for only thirty minutes. Additionally, she cannot drive more than thirty minutes without her leg cramping. The administrative judge found her testimony credible.
Based on the evidence presented at the hearing, the judge adopted the medical opinions of Dr. Nairus, Dr. Ross, and Dr. Steven Silver, the impartial medical examiner appointed pursuant to G. L. c. 152, § 11A. The aggregate of the adopted medical opinions indicated a series of conditions associated with each of Connors's injuries to her knees and her right thigh that bear a causal relationship to her injuries while working for the employer, and these injuries resulted in Connors being "permanently totally disabled from returning to her previous job as a patrol officer." In his decision, the administrative judge found that Connors is permanently incapacitated as a result of the injuries sustained while working for her employer and that she is incapable of preforming any gainful employment. He ordered Indemnity to pay § 34 temporary benefits for the period between the injury and July 24, 2015 (when Dr. Nairus reported her as totally incapacitated) and § 34A permanent benefits from that date forward.[6] On appeal, the board summarily affirmed the administrative judge's decision, without written findings.
Discussion. "We review a board's decision regarding workers' compensation benefits under the usual standard for appeal from a final decision of an administrative agency set forth in G. L. c. 30A, § 14(7)." Wadsworth's Case, 461 Mass. 675, 679 (2012). "[I]n cases of summary affirmance of a decision of the administrative judge by the reviewing board, the reviewing court is inspecting the findings and reasoning of the administrative judge." Dalbec's Case, 69 Mass. App. Ct. 306, 313 (2007).
"Findings of fact, assessments of credibility, and determinations of the weight to be given the evidence are the exclusive function of the administrative judge." Pilon's Case, 69 Mass. App. Ct. 167, 169 (2007). The reviewing court inquires "whether the decision is factually warranted and not '[a]rbitrary or capricious.' " Dalbec's Case, supra at 312 n.8, quoting from Scheffler's Case, 419 Mass. 251, 256 (1994). "A decision is arbitrary and capricious when it lacks any rational explanation that reasonable persons might support." Hercules Chem. Co. v. Department of Envtl. Protection, 76 Mass. App. Ct. 639, 643 (2010) (quotation omitted).
Indemnity's sole argument on appeal is that the administrative judge failed to consider other venues of employment available to Connors before finding her totally incapacitated and incapable of performing any gainful employment. Indemnity argues that the judge relied exclusively on the medical reports without other facts to support his conclusion and that, as a result, it was arbitrary and capricious.
Specifically, relying on Dalbec's Case, Indemnity argues that the administrative judge did not perform a complete vocational analysis. An earnings capacity analysis, however, is required for § 35 partial disability benefits, not §§ 34 and 34A total incapacitation benefits. The court in Dalbec's Case discusses a § 35 analysis, not a § 34 question, which the administrative judge had addressed in a prior proceeding. 69 Mass. App. Ct. at 312-313. Contrast Eady's Case, 72 Mass. App. Ct. 724, 725-726 (2008) (employee was assigned earning capacity when judge discontinued § 34 temporary total disability benefits and awarded § 35 partial disability benefits). Here, the judge found Connors totally incapable of finding gainful employment; thus, no additional vocational or earnings analysis was necessary. Contrast Mulcahey's Case, 26 Mass. App. Ct. 1, 3 (1988) (employee was not assigned earning capacity until the board changed initial finding from totally incapacitated to partially incapacitated).
Indemnity further argues that the administrative judge's finding, that Connors was totally incapacitated, was arbitrary and capricious because the judge relied on the medical opinions without additional factual support. However, the judge specifically stated in his decision that he credited Connors's consistent testimony as well as certain portions of opinions of the three medical experts, one of whom was the impartial medical examiner. These opinions detail numerous tasks Connors is unable to do and specifically state that she is permanently disabled. In addition, Connors testified, and the experts agreed, that the pain affects her ability to concentrate, walk, sit, and drive for extended periods. The administrative judge credited this testimony and such "[f]indings of fact, [and] assessments of credibility ... are the exclusive function of the administrative judge." Pilon's Case, 69 Mass. App. Ct. at 169.
The administrative judge's decision that Connors is permanently and totally disabled is amply supported by the evidence and one that "reasonable persons might support" and thus not arbitrary or capricious. Hercules, 76 Mass. App. Ct. at 643 (quotation omitted).
Decision of reviewing board affirmed.

She injured it while climbing up a snow bank to check the doors of a building while patrolling. She had no prior problems with her right knee.

She had no prior problems with her left knee.

Following surgery, she was treated for neuropathy in both legs by Dr. Jayla Kumar, a neurologist.

She takes hydrocodone at night and Aleve and Tylenol during the day, and cyclobenzaprine for leg spasms.

The § 34 benefits awarded consist of $440.75 each week from August 30, 2012, to July 24, 2015, based on an average weekly wage of $734.58. The § 34A benefits consist of $489.72 each week from July 25, 2015, "to date and continuing" based on the same average weekly wage.