The employee, Steven E. Lombardo, suffered a work-related injury to his left knee on April 13, 1998. The insurer, Zurich American Insurance Company (Zurich), accepted the case and paid the employee all compensation and benefits then due. The employee returned to work following arthroscopic surgery, and had no issues with his knee until 2008, when he was diagnosed with arthritis, which worsened and eventually required total knee replacement surgery in 2012. He retired just prior to the surgery in 2012 and later filed for further disability benefits with the Department of Industrial Accidents (department).
Although Zurich was the insurer at the time of the April 13, 1998, injury, it alleged that the employee sustained a subsequent work-related aggravation or injury to his knee, and moved to join subsequent insurers to the proceedings. An administrative judge denied the motion. Finding no evidence of any subsequent work-related injury or aggravation, the administrative judge ordered Zurich to pay all compensation and benefits awarded to the employee.[2] The department's reviewing board affirmed the decision of the administrative judge, and Zurich appeals.[3] We affirm the decision of the reviewing board.
1. Standard of review. "The [reviewing] board's decision may be set aside only if it is arbitrary or capricious, an abuse of discretion, or erroneous as a matter of law." Bolduc's Case, 84 Mass. App. Ct. 583, 585 (2013), citing G. L. c. 152, § 12 ; G. L. c. 30A, § 14(7). "The [reviewing] board, as the agency charged with administering the workers' compensation law, is entitled to substantial deference in its reasonable interpretation of the statute." Sikorski's Case, 455 Mass. 477, 480 (2009).
2. Discussion. "Where an employee suffers two or more compensable injuries that are causally related to a resulting incapacity, only one insurer is chargeable for the payment of compensation for the same disability." Pilon's Case, 69 Mass. App. Ct. 167, 169 (2007). " 'The successive insurer rule provides that the insurer covering the risk at the time of the most recent injury that bears causal relation to the disability claimed must pay the entire compensation,' ... so long as the most recent injury contributes to the incapacity to the 'slightest extent.' " Bolduc's Case, 84 Mass. App. Ct. at 585, quoting from Pilon's Case, supra.
Whether the employee suffered a subsequent compensable injury after the April 13, 1998, incident, contributing to his current disability "is essentially a question of fact, on which expert medical opinion is required." Pilon's Case, 69 Mass. App. Ct. at 169 (citations omitted). "Findings of fact, assessments of credibility, and determinations of the weight to be given the evidence are the exclusive function of the administrative judge." Brommage's Case, 75 Mass. App. Ct. 825, 827 (2009), quoting from Pilon's Case, supra. "The [reviewing] board's decision 'is not to be reversed unless it is lacking in evidentiary support or a different conclusion is required as a matter of law.' " MacDonell's Case, 82 Mass. App. Ct. 196, 201 (2012), quoting from Corraro's Case, 380 Mass. 357, 359 (1980).
The evidence in this case did not require the administrative judge to find a subsequent contributing injury. See Pilon's Case, 69 Mass. App. Ct. at 170. The employee testified in detail regarding the April 13, 1998, incident and his medical history, and consistently maintained that he sustained no further work-related injuries to aggravate or worsen his left knee. Although he described increasing pain beginning in 2008, it applied equally to work and nonwork activities, and the employee attributed it to his April 13, 1998, injury. "There is no requirement that the causal connection be shown by expert testimony alone," Wilson's Case, 89 Mass. App. Ct. 398, 401 (2016), and the administrative judge could credit this testimony as to the cause of the employee's disability. See ibid. (administrative judge acted within his discretion in crediting employee's testimony on causal relationship between incident, injury, and disability).
The employee's testimony, moreover, was corroborated by the impartial medical report prepared by Dr. Gilligan. The report stated that the April 13, 1998, injury was a major cause of the employee's disability -- he had "an element of preexisting osteoarthritis which was exacerbated by the work injury." No subsequent injury was mentioned or cited in the diagnoses, and the only aggravation noted could not "be attributed to the work injury per se." The administrative judge could find the employee's testimony dispositive as to the cause of his disability, notwithstanding any medical evidence to the contrary. See Wilson's Case, 89 Mass. App. Ct. at 400 ("[T]he administrative judge may give decisive weight to the credible testimony of the employee and also may weigh any separate medical evidence"). See also Dalbec's Case, 69 Mass. App. Ct. at 314-316 (credible employee testimony concerning disability outweighed medical examiner's conflicting analysis).
Dr. Gilligan's later testimony, likewise, did not void his initial conclusion. Rather, he maintained that the April 13, 1998, injury was the predominant cause of the employee's knee replacement and disability, adding only that a 1981 injury (previously unknown to Dr. Gilligan) could be a contributing factor. Significantly, Dr. Gilligan specifically stated that nothing had changed his opinion "regarding either the preexisting condition, the diagnoses, or the causation aspect" of his report. The administrative judge was entitled to rely on this testimony, even in the face of inconsistencies, see Brommage's Case, 75 Mass. App. Ct. at 828 (administrative judge's credibility determinations may not be disturbed absent compelling showing), or other contradictory medical evidence. See Pilon's Case, 69 Mass. App. Ct. at 170 ("The administrative judge was at liberty to accept or reject [dissenting medical expert's] opinion").
Given the record before him, the findings of the administrative judge were not "lacking in evidentiary support." MacDonnell's Case, 82 Mass. App. Ct. at 201, quoting from Corraro's Case, 380 Mass. at 359. It was therefore within his discretion to conclude that the employee sustained a single compensable injury on April 13, 1998, while Zurich covered the risk. The administrative judge, as a result, properly denied Zurich's motion to join subsequent insurers and determined Zurich to be liable for all resultant compensation and benefits awarded to the employee. Similarly, the reviewing board did not err in affirming that determination. See Pilon's Case, 69 Mass. App. Ct. at 169.[4]
Decision of reviewing board affirmed.

The administrative judge issued an amended decision to include the allowance of a motion for enhanced attorney's fees by the employee's counsel.

We address only Zurich's claim concerning its liability under the successive insurer rule and its related claim concerning Dr. Mark Gilligan's testimony. All additional arguments were waived at oral argument.

The employee has requested, and is entitled to, an award of attorney's fees and costs with respect to this appeal. See G. L. c. 152, § 12A. The employee may submit a petition for such fees and costs, accompanied by appropriate supporting documentation, within fourteen days of the date of the rescript. Zurich shall have fourteen days thereafter to file any opposition. See Fabre v. Walton, 441 Mass. 9, 10-11 (2004).