The employer NStar appeals from a decision of the reviewing board of the Department of Industrial Accidents (board), upholding an administrative law judge's determination that the claimant employee, Gregory Jones, contracted Lyme disease during his employment with NStar in 2006. NStar maintains two arguments on appeal: (1) that there was insufficient evidence to conclude that Jones contracted Lyme disease while he was working for NStar in 2006, and (2) that the board erred in awarding attorney's fees to Jones, pursuant to G. L. c. 152, § 13A(6). We affirm.
Background. Jones was employed by NStar from 2001 to 2007, and has been employed by National Grid since 2008. In 2006, Jones began feeling symptoms that mirrored those of Lyme disease. He tested positive for Lyme disease in August 2011, and on September 23, 2011, went on medical leave from National Grid. On July 22, 2012, after approximately one year of medication, Jones was able to return to work at National Grid.
A hearing was held before the administrative judge on December 10, 2013. The deposition of Dr. Siegel, as well as medical reports from Dr. Hicks, Dr. Donta, Dr. Brusch, and a registered nurse practitioner, Joan Romboli, were submitted as exhibits. The judge found that Jones contracted Lyme disease while he was working for NStar in 2006. In reaching this conclusion, the judge adopted portions of Dr. Siegel's expert opinion and Romboli's medical reports. The judge also adopted portions of Dr. Donta's opinion "with the proviso that [he] do[es] not accept any opinion [of Dr. Donta] that is based on a clinical history from [Jones] that attempts to move the goalposts of the onset of [Jones's] chronic Lyme disease to 2009 or later." The judge specifically found that Jones "was infected with Lyme disease during his employment with NStar and [that the Lyme disease ] remained latent until his employment with National Grid when it progressed-becoming causative of his incapacity for work and leave for medical treatment." The judge, thus, concluded that NStar is liable for Jones's personal injury. As such, the judge ordered that NStar reimburse National Grid for its disability payments to Jones; pay Jones "all of the medical expenses for treatment, diagnoses, rehab and study of his Lyme disease condition ... from 2006 through the present"; and pay Jones's legal counsel's fee of $9,000 plus necessary expenses pursuant to G. L. c. 152, § 13A(5).
The board affirmed the judge's decision as to the award of benefits, concluding that the judge's finding on causation was supported in the record,[2] but vacated the award of legal counsel fees and recommitted that determination "for further findings on whether such a fee is due, and if so, in what amount." The board, pursuant to G. L. c. 152, § 13A(6), ordered that NStar pay Jones's legal counsel a fee of $1,618.19, because Jones "prevailed on NStar's cross appeal."
Discussion. We review a reviewing board's decision in accordance with the standards expressed in G. L. c. 30A, § 14(7)(a )-(d ), (f ), and (g ), as amended by St. 1991, c. 398, § 32A, which provides that a reviewing board's decision may only be set aside or modified if the decision is:
"(a ) In violation of constitutional provisions; or (b ) In excess of the statutory authority or jurisdiction of the agency; or (c ) Based on an error of law; or (d ) Made upon unlawful procedure; or ... (f ) Unwarranted by facts found by the court on the record as submitted or as amplified ... in those instances where the court is constitutionally required to make independent findings of fact; or (g ) Arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with law."
See Scheffler's Case, 419 Mass. 251, 258 & n.4 (1994).
NStar maintains on appeal that the evidence was insufficient to conclude that Jones contracted Lyme disease while working for NStar in 2006. Specifically, NStar argues that the judge erred in crediting Dr. Siegel's testimony rather than that of Dr. Donta, which provided that Jones contracted Lyme disease at some point after 2009 while he was working for National Grid. We see no error in the judge adopting the opinion of Dr. Siegel rather than that of the other experts. An administrative judge is free "to accept the medical testimony of one expert and to discount that of another." Thompson v. Berkshire County Assoc. for Retarded Citizens, 20 Mass. Workers' Comp. Rep. 247, 251 (2006), quoting from Fitzgibbons's Case, 374 Mass. 633, 636 (1978).
Moreover, in addition to Dr. Siegel's expert opinion, the judge also relied on a series of medical reports from Romboli, which showed a progression of medical issues stemming from Jones's Lyme disease. These reports further corroborated that the onset of Jones's Lyme disease occurred around 2006 when he was working for NStar. The judge therefore concluded that any of the tick bites that Jones received during his employment with National Grid, which started in 2008, could not have contributed to his long-term Lyme disease symptoms. The administrative law judge's decision, and therefore the board's affirmance, rested upon sufficient evidence, valid findings, and was free of any arbitrariness or capriciousness.
NStar next argues that the board erred in awarding attorney's fees to Jones, pursuant to G. L. c. 152, § 13A(6), because NStar did not cross-appeal, agree to a settlement, or "seek to set aside the benefits ordered to be paid to [Jones] but only that National Grid should pay them."
General Laws c. 152, § 13A(6), as appearing in St. 1991, c. 398, § 35, provides that
"[w]henever an insurer appeals a decision of an administrative judge and the employee prevails in the decision of the reviewing board, the insurer shall pay a fee to the employee's attorney in the amount of one thousand dollars, plus necessary expenses. An administrative judge may increase or decrease such fee based on the complexity of the dispute or the effort expended by the attorney."
NStar relies on the wrong provision in the statute, i.e., § 13A(8)(b ),[3] in asserting that the board erred in awarding attorney's fees. Applying the correct provision, i.e., § 13A(6), we see no error in the board's decision to award attorney's fees to Jones's counsel, as Jones prevailed in NStar's appeal to the board. We have considered NStar's remaining arguments and find no reason to disturb the board's decision.
Decision of reviewing board affirmed.

The board specifically found that "even in the face of a negative test, the other facts pointed to [Jones's] Lyme disease stemming from exposure while at NStar. This is sufficient support for the ultimate finding of a causal relationship."

General Laws c. 152, § 13A(8)(b ), as appearing in St. 1991, c. 398, § 35, provides:
"Whenever an insurer and an employee agree to a settlement under section forty-eight, the attorney's fee shall be paid from the settlement in accordance with the following provisions:
"...
"(b ) when the insurer and the employee reach such settlement subsequent to insurer acceptance of liability or subsequent to a decision of an administrative judge, the reviewing board, or the appeals court of the commonwealth finding insurer liability which is in effect at the time such agreement is entered into, such fee shall be no more than twenty percent of amount of such settlement."