The insurer appeals from the Department of Industrial Accidents (DIA) reviewing board's summary affirmance of an administrative judge's decision ordering the insurer to pay for the employee's prescription pain medications. The sole issue before us is whether the administrative judge's decision was arbitrary, capricious, or an error of law. Concluding that it was not, we affirm.
Background. The employee, who was fifty-nine years old at the time of the administrative hearing, worked as a heavy equipment operator and welder for Moosehead Harvesting, Inc. On September 25, 2001, the employee injured his back while moving a steel plate in the course of his work. Thereafter, he received treatment from low back specialists, but declined surgery. On June 9, 2004, a lump-sum settlement was approved. The parties stipulated to the employee's diagnosis of "discogenic back pain; annular tear and disc bulge/for degenerative facet arthropathy at the L4-5 region."
Following settlement, the employee continued to seek and to receive medical treatment from his primary care physician, Harvey Lederman, who prescribed Percocet and Lidoderm patches for pain relating to his industrial injury. The employee experiences constant lower back pain, which his medication makes "tolerable." The employee picks up his prescriptions every twenty-eight days at Dr. Lederman's office. The employee has also signed a "narcotic contract which provides for random testing and pill counts. He has blood work done every couple of weeks or month at Dr. Lederman's lab."
On April 9, 2012, the employee filed a "postlump-sum claim for medical benefits" (i.e., a claim for payment of prescription pain medications). After the claim was denied, the employee submitted to an impartial medical examination pursuant to G. L. c. 152, § 11A, by Dr. Lawrence Field. Dr. Field issued a report and was deposed. He opined, in relevant part, that the employee "was experiencing chronic low back pain and that he did not require surgical intervention at the time of the exam"; that Dr. Lederman and the employee had settled on a medication regimen; that "there did not appear to be any major steps being taken to reduce the [e]mployee's dosage or to get him off the medications as prescribed"; that "it seems reasonable to continue [the employee] with the narcotic prescriptions that had been provided" by Dr. Lederman; and that "the continued treatment including the prescription pain medicine, the Lidoderm patch and Percocet were causally related to the original injury of September 25, 2001."
On September 20, 2013, an administrative judge held an evidentiary hearing on the employee's postlump-sum claim for medical benefits. She subsequently issued a written decision, and concluded that the employee is entitled to benefits under G. L. c. 152, §§ 13 and 30. Her decision stated, among other things, that the employee:
"continues to suffer pain and discomfort directly related to the September 25, [2001] industrial accident. The medication regimen he is on, while not the preferred protocol of Dr. Field, is reasonable and the need for the medications is related to the original industrial injury. I find [the employee] is entitled to have his prescription medications paid for by the Insurer."
The insurer appealed this decision to the reviewing board, which summarily affirmed the administrative judge's decision. This appeal ensued.
Discussion. We review to determine whether the administrative decision was factually warranted and not "[a]rbitrary or capricious, in the sense of having adequate evidentiary and factual support and disclosing reasoned decision making within the particular requirements governing a workers' compensation dispute." Scheffler's Case, 419 Mass. 251, 258 (1994) (quotation omitted).
Here, the insurer claims that the administrative judge violated G. L. c. 152, § 30,[2] by failing to consider the presumption of reasonableness afforded to the treatment guidelines (guidelines) promulgated by the DIA. We disagree. Initially, the transcript of the hearing reflects that the administrative judge referenced the guidelines. Viewed in light of the entire administrative record, it is clear that the administrative judge understood the insurer's argument that the treatment ordered by Dr. Lederman, and reviewed by Dr. Field, was arguably inconsistent with portions of the guidelines.[3] However, after acknowledging the guidelines and, at a minimum, implicitly taking them into consideration, she chose to credit Dr. Field's conclusion that continued treatment, including the prescription pain medications, was reasonable. She did not violate G. L. c. 152, § 30, in making this determination. See 452 Code Mass. Regs. § 6.06 (2009).
As the insurer acknowledged at oral argument to this panel, although departure from the guidelines is presumptively unreasonable, the facts of a particular case may establish that a departure is reasonable. See, e.g., 452 Code Mass. Regs. § 6.06 (2009) ("The guidelines should not be construed as including all proper methods of care reasonably directed to obtaining the same results. The ultimate judgement regarding any specific procedure or treatment must be made by the provider in light of all circumstances presented by the injured employee"). Even assuming, arguendo, that there was a material departure from the guidelines in this case, the administrative judge's reasonableness determination was warranted based on the evidence. We emphasize that she credited both the employee's testimony, and Dr. Field's conclusions that (a) the medication regimen prescribed for the employee was reasonable, and (b) the medications are causally related to the industrial injury.[4] Thus, although there is a measure of persuasiveness to the insurer's contention that preferable alternatives to prescription narcotic medications exist, we cannot say, on this record, that the administrative judge's decision was arbitrary, capricious, or contrary to law.
Decision of reviewing board affirmed.

General Laws c. 152, § 30, as appearing in St. 1991, c. 398, § 53, provides, in relevant part:
"The insurer shall furnish to an injured employee adequate and reasonable health care services, and medicines if needed .... [T]he commissioner shall promulgate regulations regarding the provision of adequate and reasonable health care services. In doing so, he shall utilize the treatment guidelines developed and endorsed under the provisions of section thirteen. Any provision of health care services in material compliance with such regulations shall be presumed to be adequate and reasonable. Any material departure from said regulations shall be presumed to be either an inadequate or unreasonable provision of health care services."

At the hearing, the administrative judge explicitly recognized the insurer's argument that Dr. Field did not "take [into] sufficient enough account the guidelines as outlined by the [DIA]." However, she also recognized that Dr. Field "maintains that ... this is still an appropriate treatment." In response, the insurer stated, "It goes beyond the guidelines, Judge. It's the fact that the treatment that's being given to him is not the reasonable, adequate, necessary treatment for the employee."

In contrast to its argument on appeal, the insurer's claim at the administrative hearing centered on the alleged absence of a causal relationship between the injury and the current need for the prescription medications. As the insurer stated, "The question is: [w]hether [the employee's] back pain at the present time necessitates medical treatment that's reasonable, necessary and related." We recognize, however, that there is overlap between these two arguments.